27 Ill. App.3d 589 (1975)
327 N.E.2d 5
THE CITY OF CHICAGO, Plaintiff,
v.
SUPREME SAVINGS & LOAN ASSOCIATION et al., Defendants.  (JOVON GRUBNIC et al., Counterplaintiffs-Appellants,
v.
ERNA GUENTHER, Counterdefendant-Appellee.)
No. 58282.
Illinois Appellate Court  First District (1st Division).
April 7, 1975.
George Kita, of Chicago, for appellants.
D. Varraveto, Jr., and Robert P. Brandenburg, both of Chicago, for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:
The City of Chicago filed a complaint against Supreme Savings & Loan Association and Erna Guenther alleging that substantial building code violations existed in a dwelling at 3069 North Central Park Avenue in Chicago. Jovon and Nevenka Grubnic, who had purchased the property from Erna Guenther, were subsequently impleaded as defendants. The *590 Grubnics filed a counterclaim against Erna Guenther for rescission of a contract for the sale of the realty. This counterclaim was decided in favor of the counterdefendant, Erna Guenther, and against the counterplaintiffs, Jovon and Nevenka Grubnic. The counterplaintiffs, Jovon and Nevenka Grubnic, appeal.
On January 20, 1971, the counterplaintiffs, Jovon and Nevenka Grubnic, filed a countercomplaint in this action for rescission, an amended countercomplaint for rescission and an amended countercomplaint for rescission of articles of agreement for warranty deed. The first two countercomplaints were basically similar and alleged that Erna Guenther had made a material misrepresentation in an agreement signed December 18, 1969, in which she agreed to sell and the Grubnics agreed to purchase the realty. The agreement contained a clause which warranted that the seller had not received any notice of building code violations which existed prior to the contract's execution. The countercomplaint alleges that Erna Guenther received such notice. This misrepresentation, it is contended, entitled the Grubnics to a rescission of the agreement.
The third countercomplaint entitled "Amended Cross-Complaint for Recision of the Articles of Agreement for Warranty Deed" based its prayer for rescission on an entirely different agreement and legal theory. It alleged that a document entitled Articles of Agreement for Warranty Deed, which had been entered into by Erna Guenther and a prior owner of the property, Supreme Savings & Loan Association, and subsequently assigned to the Grubnics, was null and void. This agreement was void, the countercomplaint contended, because it did not contain an express warranty, required by statute (Ill. Rev. Stat. 1967, ch. 29, pars. 8.21, 8.22) that the seller had received no notice of building code violations. The Grubnics prayed that the articles of agreement be declared null and void, and that the principal amounts paid thereunder be refunded to them.
The evidence at trial centered on the counterplaintiffs' action for rescission under the material misrepresentation theory. Their first witness was Jack Mandel who worked for the Chicago Building Department and who had custody of that department's records. Mr. Mandel was shown a document which he identified as a copy of a Chicago Building Department record. Counterplaintiffs' attorney inquired, "This notice of violation  was this sent to the person whose name appears at the end of this document?" The witness replied, "Yes." The document was admitted into evidence.
At the top of this document was the address of the dwelling involved in the instant suit. It was dated July 31, 1969. This heading was followed by a long list of building code violations by owners or managers of properties *591 in Chicago. On the bottom of the final page, Erna Guenther's name and address appeared.
The plaintiffs next called Erna Guenther, the counterdefendant, who testified that on December 18, 1969, she accepted an offer by the counterplaintiffs to purchase the property and closed the deal on June 5, 1970. Erna Guenther then identified a document shown to her as a contract which she and the counterplaintiffs had executed. The document was entered into evidence.
This document, entitled "Offer to Purchase Real Estate," began with the statement, "I/We offer to purchase the property known as: 3069 N. Central Park, Chicago, Illinois." A number of details concerning what the property included and the method of payment were also included. The document was signed by Jovon and Nevenka Grubnic, as purchasers, and Erna Guenther, as seller, on December 18, 1969. On the reverse side of the document under "General Conditions" was a clause which stated:
"6. Seller warrants that no notice from any city, village or other governmental authority of a dwelling code violation which existed in the aforesaid premises before this contract was executed has been issued and received by the Seller or his agent."
Jovon Grubnic, one of the counterplaintiffs, was then called by his attorney and testified that he had signed the document entitled "Offer to Purchase Real Estate" that had been submitted in evidence.
Erna Guenther, the counterdefendant, called to testify by her own attorney, was shown plaintiffs' Exhibit A which was the notice of building code violations purportedly mailed to the defendant and testified that she had never received the original copy of this notice, although the copy shown her had her present address at the bottom. Upon this evidence, the court, sitting as the finder of fact, entered a judgment for the counterdefendant, Erna Guenther, and against the counterplaintiffs, Jovon and Nevenka Grubnic.
The counterplaintiffs' first contention on appeal is that an action for rescission of a contract to sell real estate will lie where the purchasers relied upon a material fact misrepresented to them by the buyer. The material fact misrepresented, counterplaintiffs allege, was the representation that the seller had received no notice of any building code violation prior to the time the contract was executed. It is irrelevant, they contend, whether the counterdefendant knowingly made this misrepresentation.
The counterdefendant, on appeal, does not dispute that an action for rescission will lie for such a misrepresentation, but contends that she did not receive notice of any building code violations, and that there was sufficient evidence to support this finding. Whether there was sufficient *592 evidence to support the finding that the counterdefendant did not receive notice of building code violations is the major question in this appeal.
The counterplaintiffs contend that the testimony of Jack Mandel, an employee of the Chicago Building Department, that a notice of building code violations was mailed to the counterdefendant created a legal presumption that she received the notice. Assuming that such a legal presumption was created by the counterplaintiffs' evidence, the presumption may be rebutted by other evidence. The counterdefendant, Erna Guenther, testified that she had never received a copy of the notice which Jack Mandel testified was found in the Chicago Building Department's records.
 1 A letter properly addressed, stamped and deposited in the mail creates a legal presumption that it was received by the addressee. If the addressee denies the receipt of the letter, the receipt thereof becomes an issue of fact. Werdell v. Turzynski, 128 Ill. App.2d 139, 262 N.E.2d 833; Winkfield v. American Continental Insurance Co., 110 Ill. App.2d 156, 249 N.E.2d 174.
 2 The counterplaintiffs further contend that the judgment is against the manifest weight of the evidence. The evidence relative to whether the defendant had received a notice of building code violations is contained in the testimony of two witnesses. Jack Mandel testified that a copy of such a notice, with the counterdefendant's name and address at the bottom, was contained in the City's records, and the original of that record was mailed to the addressee. Erna Guenther testified that she never received this notice. The court, sitting as the trier of fact, could have chosen to believe only Erna Guenther's testimony. The testimony of Jack Mandel was not in direct conflict with Erna Guenther's testimony because the letter, if in fact mailed to Erna Guenther, might have been lost in handling. Moreover, there was no testimony as to whether the notice was placed in a properly addressed envelope bearing appropriate postage stamps or metered. We are of the opinion that the judgment is not against the manifest weight of the evidence.
Finally, the counterplaintiffs contend on appeal that because the assignment of the articles of agreement for warranty deed from Erna Guenther to the Grubnics did not contain a provision relating to building code violations that agreement was invalid. This contention relates to one of the amended countercomplaints filed on January 20, 1971.
This amended countercomplaint alleges that the document called articles of agreement for warranty deed was originally signed by Supreme Savings & Loan Association, a prior owner of the property, and Erna Guenther. This document was a separate agreement from the agreement between Erna Guenther and the Grubnics. Only the latter agreement was *593 received in evidence. This amended countercomplaint avers that Erna Guenther assigned her rights in the articles of agreement to the counterplaintiffs, Jovon and Nevenka Grubnic. The articles of agreement for warranty deed, however, were never entered into evidence. The counterplaintiffs did not raise this issue at trial. When Erna Guenther's lawyer alluded to the allegations in the countercomplaint relating to the articles of agreement, the counterplaintiffs' lawyer stated: "I don't believe my case is based on that." During the discussion of this subject, the lawyer for the counterplaintiffs also said: "It's based on material misrepresentation." The court, at the conclusion of the discussion, said:
"The plaintiff's position is that he is not proceeding on that basis [i.e., the one relating to the invalidity of the articles of agreement] but he is proceeding on fraud and misrepresentation by the seller  Mrs. Guenther  who represented that there is no notice  ."
The Illinois Supreme Court in Blanchard v. Lewis, 414 Ill. 515, 521, 112 N.E.2d 167, 171, stated:
"[W]e have consistently held that the parties to an action cannot try a case on one theory in a trial court and on another in a court of review. [Citations.] We believe it logically follows that the reviewing court is, itself, subject to the same limitation."
 3 The counterplaintiffs on appeal are putting forth a new theory on which they did not rely in the trial court. They did not offer in evidence the agreement upon which this theory is based nor any other evidence on the point. Furthermore, they stated to the trial court, in the presence of opposing counsel, that they were not relying on this theory in presenting the case. The appellants are not in a position to urge this issue on appeal.
For the foregoing reasons, the judgment is affirmed.
Judgment affirmed.
GOLDBERG and EGAN, JJ., concur.