NO. 5-95-0570

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

STEPHEN MICHAEL STEFAN,               )  Appeal from the

                                      )  Circuit Court of

     Plaintiff-Appellant,             )  Williamson County.

                                      )

v.                                    )  No. 91-MR-17  

                                      )

STATE FARM MUTUAL AUTOMOBILE INSURANCE)

COMPANY and ROBERT BAHR, JR., d/b/a   )

Bahr Insurance Agency,                )  Honorable

                                      )  C. David Nelson,

     Defendants-Appellees.            )  Judge, presiding.

_________________________________________________________________

     JUSTICE GOLDENHERSH delivered the opinion of the court:

     Plaintiff, Stephen Michael Stefan, appeals from the judgment

of the circuit court of Williamson County granting a motion to

dismiss in favor of defendants, State Farm Mutual Automobile

Insurance Company (hereinafter State Farm) and Robert Bahr, Jr.,

d/b/a Bahr Insurance Agency (hereinafter Bahr, Jr.).

     On appeal, plaintiff raises the following questions for our

consideration: (1) whether the trial court erred in ruling that

State Farm made a proper offer of uninsured motorist coverage

pursuant to the Illinois Insurance Code (the Code) (Ill. Rev. Stat.

1991, ch. 73, par. 613 et seq. (now 215 ILCS 5/1 et seq. (West

1994))), and (2) whether there is a cause of action for breach of

a voluntary undertaking where an insurance producer assumes the

duty of reviewing annually the insured's insurance coverage.  We

reverse and remand.

                                     I

     On October 12, 1990, plaintiff was involved in an automobile

accident with William Sanson, who struck plaintiff while he was

riding a bicycle.  Plaintiff sustained serious injuries as a result

of the accident.  Sanson was insured with West American Car

Insurance Company with bodily injury limits of $20,000 per person. 

Sanson's insurer settled with plaintiff, paying $20,000, the limits

of its coverage.  At the time of the occurrence, plaintiff had

automobile insurance coverage from State Farm, with limits of

$50,000 per person for bodily injury and $100,000 per occurrence,

and uninsured motorist coverage of $20,000 per person and $40,000

per occurrence.  Plaintiff did not have underinsured motorist

coverage.

     Plaintiff first obtained automobile insurance from State Farm

through Robert Bahr, Sr., prior owner of Bahr Insurance Agency, in

July 1975.  Robert Bahr, Sr., procured and maintained insurance

exclusively through State Farm.  Subsequent to January 1, 1988, 

Bahr, Jr., as successor to Robert Bahr, Sr., offered services to

procure and maintain insurance for plaintiff.  Bahr, Jr., continued

to place plaintiff's automobile insurance with State Farm.

     Plaintiff filed a two-count complaint, count I against State

Farm and count II against Bahr, Jr.  In his fourth amended com-

plaint, filed on December 30, 1994, plaintiff alleges that from

January 1, 1988, through October 23, 1990, plaintiff had, on

occasion, requested that Bahr, Jr., update his policies of insur-

ance, including the automobile insurance.  Plaintiff recalled

asking Bahr, Jr., if plaintiff had everything he needed with

respect to his automobile insurance coverage.  Bahr, Jr., initiated

State Farm's "Family Insurance Check-Up Program," whose purpose is

"to review the adequacy of the insured's coverage in light of their

specific circumstances and needs and to recommend the appropriate

changes that better serve the insured."  Plaintiff alleges that

when plaintiff's automobile insurance was renewed on December 24,

1989, Bahr, Jr., failed to inform plaintiff of the availability and

benefits of underinsured motorist coverage and failed to recommend

that plaintiff procure underinsured motorist coverage.  Plaintiff

further alleges that State Farm breached its statutory duty to make

a proper offer of uninsured motorist coverage equal to the bodily

injury liability coverage, thereby denying plaintiff the opportuni-

ty to purchase underinsured motorist protection.

     On January 23, 1994, defendants filed a motion to dismiss

plaintiff's fourth amended complaint.  To support its motion to

dismiss, defendants submitted the discovery deposition of Kathy

Malone, a service supervisor at State Farm Mutual Insurance

Company's headquarters in Bloomington.  In her deposition, Malone

testified that, as service supervisor, she is responsible for

making sure the computer system is programmed to send out statutory

notices concerning uninsured and underinsured motorist coverage, as

well as billing notices.  Malone explained that when the new

uninsured and underinsured motorist law became effective, State

Farm began sending out notices offering uninsured and underinsured

motorist coverage beginning on July 1, 1983.  State Farm sent to

its policyholders a notice and insert, explaining uninsured and

underinsured coverage, with billings for semiannual and annual

payment plans and with every renewal until June 30, 1984.  The

insert and notice informed the insured of the additional coverage

and instructed the insured to return the lower portion of the

notice with his next payment if the insured elected the higher

limits.  If the insured failed to return the lower portion with the

next payment, it was assumed that the insured rejected the offer of

additional coverage.

     Upon reviewing the tape dump of the computer record and the

company procedures process guide for the uninsured motorist offer,

Malone opined that plaintiff did receive an offer in December 1983

to increase his uninsured motorist limits to match his bodily

injury limits.  Malone testified that the tape dump began with a

certain date and ended with a certain date.  This indicated that

the mailing of the notices for the uninsured motorist offer and the

insert were sent out in accordance with the program.  However, the

tape dump did not contain notations that the uninsured motorist

insert was sent out to a particular insured.  Malone based her

conclusions that plaintiff received notice of the uninsured

motorist coverage offer on the fact that plaintiff received

billings in December 1983 and in June 1984.  As part of the billing

process during that period of time, the computer would generate

rate data for increased uninsured and underinsured motorist

coverage, which included the information contained in the insert.

     On July 25, 1995, the trial court granted defendants' motion

to dismiss, finding that State Farm complied with its obligations

to offer uninsured motorist coverage to plaintiff; that Bahr, Jr.,

was the exclusive agent of State Farm and as such had no indepen-

dent duty to offer plaintiff additional uninsured motorist

coverage; and that Bahr, Jr., did not have a duty by virtue of his

relationship with plaintiff or by virtue of the "Family Insurance

Check-Up" to provide plaintiff with the "highest degree of

protection," since that term is too indefinite and uncertain to be

enforceable.  Plaintiff now appeals.

                                    II

     Plaintiff contends that the trial court erred in finding that

State Farm complied with its statutory obligation to offer

plaintiff additional uninsured and underinsured motorist coverage

pursuant to then sections 755a-2(1) and (5) of the Code (Ill. Rev.

Stat. 1983, ch. 73, pars. 755a-2(1), (5) (now 215 ILCS 5/143a-2(1),

(4) (West 1994))).  Plaintiff asserts that the trial court

improperly dismissed his complaint because the pleadings raised a

material and genuine question of fact regarding plaintiff's alleged

receipt of the notice and insert offering uninsured and underin-

sured motorist coverage, which State Farm claims it sent to plain-

tiff.  Plaintiff further argues that because plaintiff made a

timely jury demand, his complaint was improperly dismissed.  We

agree.

     A complaint should be dismissed only where it "clearly appears

that no set of facts can be proved which would entitle plaintiff to

recover."  People ex rel. Hartigan v. Knecht Services, Inc., 216

Ill. App. 3d 843, 860, 575 N.E.2d 1378, 1389 (1991).  A reviewing

court can consider anew the pleadings and documents in support of

and in opposition to a motion to dismiss.  Gilbert Bros., Inc. v.

Gilbert, 258 Ill. App. 3d 395, 398, 630 N.E.2d 189, 192 (1994). 

Where a material and genuine question of fact exists and the

plaintiff has made a timely jury demand, a motion for involuntary

dismissal should be denied.  Andrews v. Mid-America Bank & Trust

Co., 152 Ill. App. 3d 139, 143, 503 N.E.2d 1120, 1123 (1987).

     A letter properly sent through the mails is presumed to have

reached its destination.  Mulholland v. State Farm Mutual Auto

Insurance Co., 171 Ill. App. 3d 600, 607, 527 N.E.2d 29, 33 (1988). 

Where the addressee denies receipt of the letter, the receipt

thereof becomes an issue of fact.  City of Chicago v. Supreme

Savings & Loan Ass'n, 27 Ill. App. 3d 589, 327 N.E.2d 5, 7 (1975).

     In his deposition, plaintiff testified that he did not recall

receiving any notices regarding changes in uninsured and underin-

sured motorist coverage offered by State Farm.  Further, plaintiff

testified that no notices ever appeared on the bottom of his

monthly premium billings regarding premium changes related to the

offer of increased uninsured and underinsured motorist coverage. 

Moreover, plaintiff stated that initially he mailed in his monthly

premium payments; however, he later changed his method of payment

to automatic withdrawals of premium payments from plaintiff's

checking account.  Plaintiff did not remember when this method of

payment began.  The record does not indicate when plaintiff

switched his method of payment or whether, with automatic withdraw-

als, plaintiff continued to receive monthly billings by mail or

whether he only received a receipt or some other indication of

payment from State Farm.  Malone's deposition testimony does not

address State Farm's practice regarding its notification of

policyholders who made premium payments through checking account

withdrawals.  It is not clear when plaintiff began making payments

through automatic withdrawals or how State Farm notified policy-

holders making such payments of the uninsured and underinsured

motorist offer.

     The record indicates material and genuine questions of fact

concerning whether plaintiff was given a meaningful offer of

additional uninsured and underinsured coverage by State Farm. 

Plaintiff alleges facts that sufficiently state a cause of action. 

Accordingly, the trial court erred in granting defendants' motion

to dismiss count I of plaintiff's complaint against State Farm.

                                    III

     Plaintiff next argues that this court should recognize a cause

of action for breach of a voluntary undertaking by an insurance

producer.  Plaintiff argues that Bahr, Jr., is an insurance

producer pursuant to section 491.1(b) of the Code (215 ILCS

5/491.1(b) (West 1994)).  Plaintiff asserts that as an insurance

producer, Bahr, Jr., had a duty to inform plaintiff of available

coverage.  Further, plaintiff contends that Bahr, Jr., voluntarily

assumed the duty to review plaintiff's insurance coverage by

initiating an annual "Family Insurance Check-Up."  Plaintiff argues

that Bahr, Jr., having assumed this duty, was required to use

ordinary care in discharging his duty to review coverage and Bahr,

Jr., failed to exercise due care in reviewing plaintiff's automo-

bile policy by not advising plaintiff to secure underinsured

motorist coverage.

     On the other hand, defendants contend that in paragraph 3 of

count II of plaintiff's fourth amended complaint, plaintiff alleges

that Bahr, Jr., "procures and maintains insurance exclusively

through State Farm" and, consequently, Bahr, Jr., is State Farm's

agent, not plaintiff's agent.  Defendants further assert that

because Bahr, Jr., is State Farm's agent, he was not obligated to

procure underinsured motorist coverage for plaintiff, inform

plaintiff of the benefits of underinsured motorist coverage, review

the adequacy of plaintiff's underinsured motorist coverage, or

recommend underinsured motorist coverage.  Additionally, defendants

argue that Bahr, Jr.'s use of State Farm's Family Insurance Check-

Up Program does not give rise to a duty to procure underinsured

motorist protection.  We agree with plaintiff for the reasons set

out below.

     "Whether a person is an insurance agent or an insurance broker

is determined by his acts [citations] and is dependent upon who

called him into action, who controls his movement, who pays him and

whose interests he presents."  Browder v. Hanley Dawson Cadillac,

62 Ill. App. 3d 623, 629, 379 N.E.2d 1206, 1210-11 (1978).  The

question of whether a broker is an agent for the insured, the

insurer, or both is a factual matter.  Browder, 62 Ill. App. 2d at

629, 379 N.E.2d at 1211.  "[T]he court must closely examine the

facts in each case to determine whether a seller of insurance is an

agent or broker and to whom he may owe a duty."  Browder, 62 Ill.

App. 2d at 629, 379 N.E.2d at 1211.  The question of agency is not

a question of law to be decided from the pleadings.  Browder, 62

Ill. App. 2d at 629, 379 N.E.2d at 1211.  Because the question of

Bahr, Jr.'s agency is a factual matter sufficiently alleged, we

hold that the trial court improperly dismissed count II of

plaintiff's fourth amended complaint. 

     We next consider plaintiff's contention that Bahr, Jr.,

assumed a duty to annually review the adequacy of plaintiff's

automobile insurance coverage by instituting State Farm's Family

Insurance Check-Up Program.  

     It is well established that one who assumes to act, even

though voluntarily or gratuitously, must perform the duty undertak-

en with "due care" or "such competence and skill as [one] possess-

es."  Frye v. Medicare-Glaser Corp., 153 Ill. 2d 26, 32, 605 N.E.2d

557, 560 (1992).  Liability can attach from the negligent perfor-

mance of a voluntary undertaking.  Nelson v. Union Wire Rope Corp.,

31 Ill. 2d 69, 74, 199 N.E.2d 769, 773-74 (1964).  The duty of care

imposed is limited to the extent of the undertaking.  Frye, 153

Ill. at 32, 605 N.E.2d at 560.

     Here, defendant Bahr, Jr., voluntarily instituted the State

Farm Family Insurance Check-Up Program.  The informational flier

for the Family Insurance Check-Up Program states that the purpose

of the program is to review policyholders' insurance coverage,

assess the policyholders' risk needs, and determine how those needs

can best be met.  This indicates that the agents or brokers will

regularly review the policyholder's individual circumstances and

assess the adequacy of the policyholder's coverages.  Bahr, Jr.,

did conduct the Family Insurance Check-Up with plaintiff, who has

several insurance policies with defendant.  In his complaint,

plaintiff alleges that he relied upon Bahr, Jr.'s expertise and

knowledge concerning his insurance needs.  In his evidence

deposition, plaintiff testified that he inquired about the adequacy

of his automobile insurance coverage during a visit to Bahr, Jr.'s

office prior to October 12, 1990.  We believe that plaintiff

sufficiently pled facts establishing a cause of action under a

theory of voluntary undertaking.  We note that at this stage

plaintiff is not required to prove his case; rather, he must allege

facts sufficient to support liability based on a theory of

voluntary undertaking.  Accordingly, we reverse the trial court's

dismissal of count II of plaintiff's complaint.

     For the foregoing reasons, the judgment of the circuit court

of Williamson County granting defendants' motion to dismiss

plaintiff's fourth amended complaint is reversed, and the cause

remanded for further proceedings.

     Reversed and remanded.

     HOPKINS, P.J., and MAAG, J., concur.

                                      NO. 5-95-0570

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

STEPHEN MICHAEL STEFAN,               )  Appeal from the

                                      )  Circuit Court of

     Plaintiff-Appellant,             )  Williamson County.

                                      )

v.                                    )  No. 91-MR-17  

                                      )

STATE FARM MUTUAL AUTOMOBILE INSURANCE)

COMPANY and ROBERT BAHR, JR., d/b/a   )

Bahr Insurance Agency,                )  Honorable

                                      )  C. David Nelson,

     Defendants-Appellees.            )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                 November 21, 1996

___________________________________________________________________________

Justices:      Honorable Richard P. Goldenhersh, J.

                         

               Honorable Terrence J. Hopkins, P.J., and 

               Honorable Gordon E. Maag, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      Thomas F. Crosby, Rick W. Aeilts, Winters, Brewster, Crosby 

for            & Patchett, 111 West Main, P.O. Box 700, Marion, IL 62959

Appellant      

___________________________________________________________________________

Attorney       Stephen W. Stone, Brandon & Schmidt, P.O. Box 3898, 

for            Carbondale, IL 62902-3898

Appellee       

___________________________________________________________________________