STEPHEN MICHAEL STEFAN, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants-Appellees.

Fifth District No. 5—95—0570

Opinion filed November 21, 1996.

Thomas F. Crosby and Rick W. Aeilts, both of Winters, Brewster, Crosby & Patchett, of Marion, for appellant.

Stephen W. Stone, of Brandon & Schmidt, of Carbondale, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Stephen Michael Stefan, appeals from the judgment of the circuit court of Williamson County granting a motion to dismiss in favor of defendants, State Farm Mutual Automobile Insurance Company (hereinafter State Farm) and Robert Bahr, Jr., d/b/a Bahr Insurance Agency (hereinafter Bahr, Jr.).

On appeal, plaintiff raises the following questions for our consideration: (1) whether the trial court erred in ruling that State Farm made a proper offer of uninsured motorist coverage pursuant to the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1991, ch. 73, par. 613 *et seq.* (now 215 ILCS 5/1 *et seq.* (West 1994))), and (2) whether there is a cause of action for breach of a voluntary undertaking where an insurance producer assumes the duty of reviewing annually the insured's insurance coverage. We reverse and remand.

I

On October 12, 1990, plaintiff was involved in an automobile accident with William Sanson, who struck plaintiff while he was riding

a bicycle. Plaintiff sustained serious injuries as a result of the accident. Sanson was insured with West American Car Insurance Company with bodily injury limits of $20,000 per person. Sanson's insurer settled with plaintiff, paying $20,000, the limits of its coverage. At the time of the occurrence, plaintiff had automobile insurance coverage from State Farm, with limits of $50,000 per person for bodily injury and $100,000 per occurrence, and uninsured motorist coverage of $20,000 per person and $40,000 per occurrence. Plaintiff did not have underinsured motorist coverage.

Plaintiff first obtained automobile insurance from State Farm through Robert Bahr, Sr., prior owner of Bahr Insurance Agency, in July 1975. Robert Bahr, Sr., procured and maintained insurance exclusively through State Farm. Subsequent to January 1, 1988, Bahr, Jr., as successor to Robert Bahr, Sr., offered services to procure and maintain insurance for plaintiff. Bahr, Jr., continued to place plaintiff's automobile insurance with State Farm.

Plaintiff filed a two-count complaint, count I against State Farm and count II against Bahr, Jr. In his fourth amended complaint, filed on December 30, 1994, plaintiff alleges that from January 1, 1988, through October 23, 1990, plaintiff had, on occasion, requested that Bahr, Jr., update his policies of insurance, including the automobile insurance. Plaintiff recalled asking Bahr, Jr., if plaintiff had everything he needed with respect to his automobile insurance coverage. Bahr, Jr., initiated State Farm's "Family Insurance Check-Up Program," whose purpose is "to review the adequacy of the insured's coverage in light of their specific circumstances and needs and to recommend the appropriate changes that better serve the insured." Plaintiff alleges that when plaintiff's automobile insurance was renewed on December 24, 1989, Bahr, Jr., failed to inform plaintiff of the availability and benefits of underinsured motorist coverage and failed to recommend that plaintiff procure underinsured motorist coverage. Plaintiff further alleges that State Farm breached its statutory duty to make a proper offer of uninsured motorist coverage equal to the bodily injury liability coverage, thereby denying plaintiff the opportunity to purchase underinsured motorist protection.

On January 23, 1994, defendants filed a motion to dismiss plaintiff's fourth amended complaint. To support its motion to dismiss, defendants submitted the discovery deposition of Kathy Malone, a service supervisor at State Farm Mutual Insurance Company's headquarters in Bloomington. In her deposition, Malone testified that, as service supervisor, she is responsible for making sure the computer system is programmed to send out statutory notices concerning uninsured and underinsured motorist coverage, as well as

billing notices. Malone explained that when the new uninsured and underinsured motorist law became effective, State Farm began sending out notices offering uninsured and underinsured motorist coverage beginning on July 1, 1983. State Farm sent to its policyholders a notice and insert, explaining uninsured and underinsured coverage, with billings for semiannual and annual payment plans and with every renewal until June 30, 1984. The insert and notice informed the insured of the additional coverage and instructed the insured to return the lower portion of the notice with his next payment if the insured elected the higher limits. If the insured failed to return the lower portion with the next payment, it was assumed that the insured rejected the offer of additional coverage.

Upon reviewing the tape dump of the computer record and the company procedures process guide for the uninsured motorist offer, Malone opined that plaintiff did receive an offer in December 1983 to increase his uninsured motorist limits to match his bodily injury limits. Malone testified that the tape dump began with a certain date and ended with a certain date. This indicated that the mailing of the notices for the uninsured motorist offer and the insert were sent out in accordance with the program. However, the tape dump did not contain notations that the uninsured motorist insert was sent out to a particular insured. Malone based her conclusions that plaintiff received notice of the uninsured motorist coverage offer on the fact that plaintiff received billings in December 1983 and in June 1984. As part of the billing process during that period of time, the computer would generate rate data for increased uninsured and underinsured motorist coverage, which included the information contained in the insert.

On July 25, 1995, the trial court granted defendants' motion to dismiss, finding that State Farm complied with its obligations to offer uninsured motorist coverage to plaintiff; that Bahr, Jr., was the exclusive agent of State Farm and as such had no independent duty to offer plaintiff additional uninsured motorist coverage; and that Bahr, Jr., did not have a duty by virtue of his relationship with plaintiff or by virtue of the "Family Insurance Check-Up" to provide plaintiff with the "highest degree of protection," since that term is too indefinite and uncertain to be enforceable. Plaintiff now appeals.

II

Plaintiff contends that the trial court erred in finding that State Farm complied with its statutory obligation to offer plaintiff additional uninsured and underinsured motorist coverage pursuant to then sections 143a—2(1) and (5) of the Code (Ill. Rev. Stat. 1983, ch.

73, pars. 755a—2(1), (5) (now 215 ILCS 5/143a—2(1), (4) (West 1994))). Plaintiff asserts that the trial court improperly dismissed his complaint because the pleadings raised a material and genuine question of fact regarding plaintiff's alleged receipt of the notice and insert offering uninsured and underinsured motorist coverage, which State Farm claims it sent to plaintiff. Plaintiff further argues that, because plaintiff made a timely jury demand, his complaint was improperly dismissed. We agree.

■ A complaint should be dismissed only where it "clearly appears that no set of facts can be proved which would entitle plaintiff to recover." *People ex rel. Hartigan v. Knecht Services, Inc.*, 216 Ill. App. 3d 843, 860, 575 N.E.2d 1378, 1389 (1991). A reviewing court can consider anew the pleadings and documents in support of and in opposition to a motion to dismiss. *Gilbert Bros., Inc. v. Gilbert*, 258 Ill. App. 3d 395, 398, 630 N.E.2d 189, 192 (1994). Where a material and genuine question of fact exists and the plaintiff has made a timely jury demand, a motion for involuntary dismissal should be denied. *Andrews v. Mid-America Bank & Trust Co.*, 152 Ill. App. 3d 139, 143, 503 N.E.2d 1120, 1123 (1987).

■ A letter properly sent through the mails is presumed to have reached its destination. *Mulholland v. State Farm Mutual Automobile Insurance Co.*, 171 Ill. App. 3d 600, 607, 527 N.E.2d 29, 33 (1988). Where the addressee denies receipt of the letter, the receipt thereof becomes an issue of fact. *City of Chicago v. Supreme Savings & Loan Ass'n*, 27 Ill. App. 3d 589, 592, 327 N.E.2d 5, 7 (1975).

■ In his deposition, plaintiff testified that he did not recall receiving any notices regarding changes in uninsured and underinsured motorist coverage offered by State Farm. Further, plaintiff testified that no notices ever appeared on the bottom of his monthly premium billings regarding premium changes related to the offer of increased uninsured and underinsured motorist coverage. Moreover, plaintiff stated that initially he mailed in his monthly premium payments; however, he later changed his method of payment to automatic withdrawals of premium payments·from plaintiff's checking account. Plaintiff did not remember when this method of payment began. The record does not indicate when plaintiff switched his method of payment or whether, with automatic withdrawals, plaintiff continued to receive monthly billings by mail or whether he only received a receipt or some other indication of payment from State Farm. Malone's deposition testimony does not address State Farm's practice regarding its notification of policyholders who made premium payments through checking account withdrawals. It is not clear when plaintiff began making payments through automatic withdrawals or how State

Farm notified policyholders making such payments of the uninsured and underinsured motorist offer.

The record indicates material and genuine questions of fact concerning whether plaintiff was given a meaningful offer of additional uninsured and underinsured coverage by State Farm. Plaintiff alleges facts that sufficiently state a cause of action. Accordingly, the trial court erred in granting defendants' motion to dismiss count I of plaintiff's complaint against State Farm.

## III

Plaintiff next argues that this court should recognize a cause of action for breach of a voluntary undertaking by an insurance producer. Plaintiff argues that Bahr, Jr., is an insurance producer pursuant to section 491.1(b) of the Code (215 ILCS 5/491.1(b) (West 1994)). Plaintiff asserts that, as an insurance producer, Bahr, Jr., had a duty to inform plaintiff of available coverage. Further, plaintiff contends that Bahr, Jr., voluntarily assumed the duty to review plaintiff's insurance coverage by initiating an annual "Family Insurance Check-Up." Plaintiff argues that Bahr, Jr., having assumed this duty, was required to use ordinary care in discharging his duty to review coverage and Bahr, Jr., failed to exercise due care in reviewing plaintiff's automobile policy by not advising plaintiff to secure underinsured motorist coverage.

On the other hand, defendants contend that in paragraph 3 of count II of plaintiff's fourth amended complaint, plaintiff alleges that Bahr, Jr., "procures and maintains insurance exclusively through State Farm" and, consequently, Bahr, Jr., is State Farm's agent, not plaintiff's agent. Defendants further assert that because Bahr, Jr., is State Farm's agent, he was not obligated to procure underinsured motorist coverage for plaintiff, inform plaintiff of the benefits of underinsured motorist coverage, review the adequacy of plaintiff's underinsured motorist coverage, or recommend underinsured motorist coverage. Additionally, defendants argue that Bahr, Jr.'s use of State Farm's "Family Insurance Check-Up Program" does not give rise to a duty to procure underinsured motorist protection. We agree with plaintiff for the reasons set out below.

■ ■ "Whether a person is an insurance agent or an insurance broker is determined by his acts [citation] and is dependent upon who called him into action, who controls his movement, who pays him and whose interests he represents." *Browder v. Hanley Dawson Cadillac Co.*, 62 Ill. App. 3d 623, 629, 379 N.E.2d 1206, 1210-11 (1978). The question of whether a broker is an agent for the insured, the insurer, or both is a factual matter. *Browder*, 62 Ill. App. 3d at 629,

379 N.E.2d at 1211. "[T]he court must closely examine the facts in each case to determine whether a seller of insurance is an agent or broker and to whom he may owe a duty." *Browder*, 62 Ill. App. 3d at 629, 379 N.E.2d at 1211. The question of agency is not a question of law to be decided from the pleadings. *Browder*, 62 Ill. App. 3d at 629, 379 N.E.2d at 1211. Because the question of Bahr, Jr.'s agency is a factual matter sufficiently alleged, we hold that the trial court improperly dismissed count II of plaintiff's fourth amended complaint.

We next consider plaintiff's contention that Bahr, Jr., assumed a duty to annually review the adequacy of plaintiff's automobile insurance coverage by instituting State Farm's "Family Insurance Check-Up Program."

It is well established that one who assumes to act, even though voluntarily or gratuitously, must perform the duty undertaken with "due care" or "such competence and skill as [one] possesses." *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 32, 605 N.E.2d 557, 560 (1992). Liability can attach from the negligent performance of a voluntary undertaking. *Nelson v. Union Wire Rope Corp.*, 31 Ill. 2d 69, 74, 199 N.E.2d 769, 773-74 (1964). The duty of care imposed is limited to the extent of the undertaking. *Frye*, 153 Ill. 2d at 32, 605 N.E.2d at 560.

Here, defendant Bahr, Jr., voluntarily instituted the State Farm "Family Insurance Check-Up Program." The informational flier for the "Family Insurance Check-Up Program" states that the purpose of the program is to review policyholders' insurance coverage, assess the policyholders' risk needs, and determine how those needs can best be met. This indicates that the agents or brokers will regularly review the policyholder's individual circumstances and assess the adequacy of the policyholder's coverages. Bahr, Jr., did conduct the family insurance check-up with plaintiff, who has several insurance policies with defendant. In his complaint, plaintiff alleges that he relied upon Bahr, Jr.'s expertise and knowledge concerning his insurance needs. In his evidence deposition, plaintiff testified that he inquired about the adequacy of his automobile insurance coverage during a visit to Bahr, Jr.'s office prior to October 12, 1990. We believe that plaintiff sufficiently pled facts establishing a cause of action under a theory of voluntary undertaking. We note that at this stage plaintiff is not required to prove his case; rather, he must allege facts sufficient to support liability based on a theory of voluntary undertaking. Accordingly, we reverse the trial court's dismissal of count II of plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Williamson County granting defendants' motion to dismiss plaintiff's

fourth amended complaint is reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOPKINS, P.J., and MAAG, J., concur.