FOURTH DIVISION

March 25, 2004

No. 1-03-0572

   

ADAM MARTIN and MARISA MARTIN
, )     Appeal from

individually and on behalf of all others similarly situated, )   the Circuit Court

)   of Cook County.

Plaintiffs-Appellants, ) 

) 

) 

) No. 02 CH 8472

v. )  

)

STATE FARM MUTUAL AUTOMOBILE )

INSURANCE COMPANY, an Illinois corporation, ) 
     Honorable

)  
Thomas P. Quinn,

Defendant-Appellee. )   Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiffs Adam and Marisa Martin filed an amended class action complaint against defendant State Farm Mutual Automobile Insurance Company (State Farm) arising out of its conduct in settling plaintiffs' third-party claim against its insured, Bruce Beebe.
(footnote: 1)  Therein, plaintiffs pled various theories of recovery including violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2000))
, breach of contract, breach of a voluntary undertaking, common law fraud, and breach of a fiduciary duty.  Plaintiffs also sought a declaratory judgment.  Thereafter, State Farm filed a motion to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2000)).  The trial court granted the motion, dismissed the complaint with prejudice, and denied plaintiffs' motion for leave to replead.  

On appeal, plaintiffs raise the following contentions: (1) the trial court erred in holding that State Farm did not owe plaintiffs a duty to disclose a potential claim for the diminished value of their vehicle; (2) the trial court erred in holding that plaintiffs failed to state a cause of action for breach of contract, common law fraud, breach of fiduciary duty, and breach of a voluntary undertaking where State Farm agreed to settle their property damage claim and assured them that they did not need to hire an attorney; and (3) the trial court erred in failing to allow plaintiffs to replead.  

BACKGROUND

The following allegations form the basis of plaintiffs' amended complaint.  On December 10, 2000, plaintiff Marisa Martin was involved in an automobile accident with Bruce Beebe.  At the time of the accident, State Farm insured both Martin and Beebe under separate and unrelated automobile policies.  Plaintiffs sought the repair of their vehicle under Beebe's insurance policy.  Plaintiffs alleged that State Farm agreed to settle their property damage claim and that in the course of settlement negotiations, State Farm represented to them that because both parties were represented by State Farm, it would "take care of [plaintiffs'] claim without the need of [plaintiffs] retaining an attorney."  

Plaintiffs alleged that notwithstanding the repairs made to their vehicle, the value of their car was materially diminished as a result of the accident.  Plaintiffs further alleged that State Farm concealed the full extent of coverage to which plaintiffs were entitled by failing to disclose that they were entitled to additional compensation for the diminished value of their vehicle.  As a result, plaintiffs alleged that they were injured.    

Plaintiffs sought damages against State Farm based upon several theories of recovery, including breach of contract, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2000)), common law fraud, breach of a voluntary undertaking, and breach of a fiduciary duty, and also sought a declaratory judgment.   The trial court dismissed the amended complaint with prejudice, holding that there was no set of facts under which plaintiffs could state a cause of action.  Thereafter, the trial court denied plaintiffs' motion to replead.  

Plaintiffs now appeal from the dismissal of their amended complaint and the denial of their motion for leave to replead.  They do not, however, raise any issues with regard to the denial of their declaratory judgment count or the consumer fraud count.  Pursuant to Supreme Court Rule 345 (155 Ill. 2d R. 345), we have permitted the National Association of Independent Insurers to file a brief 
amicus
 
curiae
 in support of State Farm.      

ANALYSIS

A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint.  
Chandler v. Illinois Central R.R. Co.
, 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003).  In reviewing a section 2-615 dismissal, a reviewing court must decide whether the allegations, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. 
 
Chandler
, 207 Ill. 2d at 348, 798 N.E.2d at 733.
  However, a plaintiff cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations.  
Jackson v. South Holland Dodge, Inc.
, 197 Ill. 2d 39, 52, 755 N.E.2d 462, 471 (2001).  A cause of action will be dismissed if it is clearly apparent from the pleadings that no set of facts can be proven which will entitle the plaintiff to recovery.  
Chandler
, 207 Ill. 2d at 349, 798 N.E.2d at 733.
  Review of a section 2-615 dismissal is conducted 
de
 
novo
.  
Chandler
, 207 Ill. 2d at 349, 798 N.E.2d at 733
.

Underlying all of plaintiffs' legal theories is the allegation that State Farm owed them a duty to disclose their right to compensation for the diminished value of their car under Beebe's automobile insurance policy.   Plaintiffs contend on appeal that this duty arises out of their contractual relationship with State Farm and from the representations State Farm made to them regarding the handling of their claim.  

We begin our analysis with an examination of the relationship between the parties. A
ccording to plaintiffs' amended complaint, their relationship to State Farm is that of a third-party claimant to the extent that they sought payment for repair of their vehicle through State Farm pursuant to Beebe's policy of insurance.  
Generally, the negotiations conducted between a third- party claimant and a defending insurer are arm's length and adversary in nature.  
Accordingly, it is said that the negotiations do not give rise to a duty of good faith and fair dealing.  Rather, the duty in the handling of claims is owed only to the insurance company's insured.  
Scroggins v. Allstate Insurance Co.
, 74 Ill. App. 3d 1027, 1029-32, 393 N.E.2d 718, 719-21 (1979); 
Yelm v. Country Mutual Insurance Co.
, 123 Ill. App. 2d 401, 404, 259 N.E.2d 83, 84 (1970).

 The duty in this context stems from a covenant implicit in the provisions of the insured's contract that establishes the insurer as the authorized representative of the insured.  To extend that duty to third-party claimants would place the insurer in the untenable position of owing a duty of good faith to both the insured tortfeasor and his adversary.  Therefore, the duty does not extend to benefit an adversary third-party claimant.  See 
Scroggins
, 74 Ill. App. 3d at 1029-32, 393 N.E.2d at 719-21; 14 Couch on Insurance §198.18 (3d ed. 2003).
  Furthermore, courts have generally declined to recognize a special duty extending from the insurer to the third-party claimant even where the third-party claimant is also insured by the same insurer, the rationale being that the claimant remains in an adversarial position despite this coincidence.  See, 
e.g.
, 
Myers v. State Farm Mutual Automobile Insurance Co.
, 950 F. Supp. 148, 151 (D. S.C. 1997);
 
Herrig v. Herrig
, 844 P.2d 487, 492 (Wyo. 1992);
 
Chavez v. Chenoweth
, 89 N.M. 423, 553 P.2d 703 (1976).

However, despite these well-settled principles of law, plaintiffs argue that because they had an insured-insurer relationship with State Farm, and because representations were made to them that State Farm would "take care of [plaintiffs'] claim without the need of [plaintiffs] retaining an attorney," the nature of their relationship with State Farm changed from an arm's length transaction to one in which a fiduciary relationship arose requiring State Farm to disclose potential coverage claims in negotiating the settlement agreement.

While a fiduciary duty may arise as a matter of law from the existence of a particular relationship (
In re Estate of Long
, 311 Ill. App. 3d 959, 963-64, 726 N.E.2d 187, 190-91 (2000)), it is well settled that no fiduciary relationship exists between an insurer and an insured as a matter of law.  
Nielson v. United Services Automobile Ass'n
, 244 Ill. App. 3d 658, 666, 612 N.E.2d 526, 530 (1993).  
However, such a duty may arise as the result of special circumstances of the parties' relationship, where one party places trust and confidence in another, thereby placing the latter party in a position of influence and superiority over the former.  
Connick v. Suzuki Motor Co., Ltd.
, 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (1997); 
In re Estate of Long
, 311 Ill. App. 3d at 963-64, 726 N.E.2d at 190-91 (court found fiduciary relationship between lessor and lessee where lessee was named co-executor of lessor's estate and was given power to make health care decisions for lessor).  This position of superiority may arise by reason of friendship, agency, or experience.  
Connick
, 174 Ill. 2d at 500, 675 N.E.2d at 593.  When the relationship between the parties is not one that gives rise to a fiduciary relationship as a matter of law, the party asserting the existence of the relationship has the burden of pleading and proving such by clear and convincing evidence.  
Schrager v. North Community Bank
, 328 Ill. App. 3d 696, 707, 767 N.E.2d 376, 385 (2002).

Here, the mere fact that a contract of insurance or a contract to settle plaintiffs' claim existed between the parties is insufficient to support a finding of a fiduciary relationship.  
Ransom v. A.B. Dick Co.
, 289 Ill. App. 3d 663, 672-73, 682 N.E.2d 324, 322 (1997) ("ordinarily in a business transaction each party guards his own interests and no fiduciary duty exists"); 
Pottinger v. Pottinger
, 238 Ill. App. 3d 908, 918, 605 N.E.2d 1130, 1138 (1992).  Furthermore, plaintiffs have failed to plead specific facts to establish that a relationship existed upon which a fiduciary duty to disclose could be predicated.  The only fact pled in the complaint was that State Farm made a representation to plaintiffs that State Farm would take care of their property damage claim and that there would be no need to hire an attorney.  This statement alone does not, in and of itself, create a fiduciary duty on the part of State Farm to disclose additional coverage under Beebe's policy.  Nor do plaintiffs even articulate anywhere in the complaint that these representations in fact 
created
 a duty to disclose potential coverage claims.
  

Additionally, there are no facts in the complaint from which we could infer that plaintiffs placed trust and confidence in State Farm based on friendship, agency or experience.  There are no allegations of a history of dealings or long-standing relationship between the parties, or that plaintiffs had entrusted the handling of their insurance affairs to State Farm in the past, or that State Farm was in a position of such superiority and influence by reason of friendship, agency, or experience.   While plaintiffs make a conclusory assertion in their appellate brief that State Farm was acting as plaintiffs' agent, they cite no authority to suggest such a relationship in this context and have not pled any agency relationship in their complaint.  To the extent plaintiffs intended to claim a fiduciary duty arose from particular circumstances, it was incumbent upon them to identify those circumstances and plead them with specificity.  
Connick
, 174 Ill. 2d at 500-01, 675 N.E.2d at 593
; 
Gonzalzles v. American Express Credit Corp.
, 315 Ill. App. 3d 199, 210-11, 733 N.E.2d 345, 354 (2000).  Accordingly, plaintiffs' conclusory allegations, even when viewed in the light most favorable to plaintiffs, do not give rise to an inference of the significant dominance and superiority necessary to establish a fiduciary relationship.
     

We further find plaintiffs' cited case of 
McCarter v. State Farm Mutual Insurance Co.
, 130 Ill. App. 3d 97, 473 N.E.2d 1015 (1985), to be inapplicable.  In 
McCarter
, the plaintiff, a third-party claimant, was allowed to pursue a fraudulent misrepresentation action against the insurer of the driver of an automobile that collided with him.   The plaintiff alleged that the insurer fraudulently induced him to relinquish his cause of action against the driver for less than the full value of his claim.  The defendant allegedly advised the plaintiff that he did not need to be represented during settlement negotiations and that the defendant would settle the plaintiff's claim fairly and equitably because both vehicles were insured by the defendant.  In addition, the defendant had allegedly told the third-party claimant that the claims committee had rejected his claim for the policy limits when he knew that the committee had authorized full payment and made affirmative representations about nonexistent reports of the third-party claimant's contributory negligence.  The court held that these facts supported a cause of action for fraudulent misrepresentation.  
McCarter
, 130 Ill. App. 3d at 101-02, 473 N.E.2d at 1018-19.  To state a cause of action for fraudulent misrepresentation, the plaintiff did not have to plead and prove an affirmative duty to speak.  
McCarter
, 130 Ill. App. 3d at 101, 473 N.E.2d at 1018-19.    

Here, in contrast, plaintiffs have pursued a cause of action for fraudulent concealment for failure to disclose potential coverage claims.  The elements are distinct, requiring plaintiffs to plead and prove that State Farm concealed a material fact when under a duty to disclose that fact to the plaintiffs.  
Connick
, 174 Ill. 2d at 500-01, 675 N.E.2d at 593
.  As we have articulated, plaintiffs failed to sufficiently plead facts to establish any such duty to disclose in the present case.  

We are cognizant that the court in 
McCarter
 found, without any citation to authority
 or analysis, that the insurer owed the third-party claimant a duty of good faith and fair dealing by promising to represent and protect his interests.  
McCarter
, 130 Ill. App. 3d at 101, 473 N.E.2d at 1018.  Implicit in the court's finding was that such a duty arose out of a contractual obligation to the third-party claimant which then gave rise to the third-party's cause of action in tort for fraud.  

However, subsequently, in 1996, 
our supreme court discussed the duty of good faith and fair dealing implicit in contracts in 
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 675 N.E.2d 897 (1996)
.  Therein, the court held that while there may be an implied covenant of good faith and fair dealing, "[t]his contractual covenant is not generally recognized as an independent source of duties giving rise to a cause of action in tort."  
Cramer
, 174 Ill. 2d at 525, 675 N.E.2d 897.  The court recognized only a narrow exception to that rule, stating that a separate action in tort would remain available only when an insurer breaches its duty to settle an action brought against its insured by a third-party claimant.  To the extent that 
McCarter
 expands that narrow exception to the rule in finding a duty of good faith and fair dealing owed to the third-party claimant, we reject it and follow the well-reasoned supreme court ruling in 
Cramer
 and its progeny.

We next consider plaintiffs' contention that they have sufficiently pled a duty to disclose arising out of a contract with State Farm.  Plaintiffs allege that "in paying for plaintiffs' property damage claims, State Farm formed enforceable settlement contracts with plaintiffs," and that State Farm breached those contracts because "[i]n negotiating the terms of the settlement
 contracts," State Farm had a duty to disclose to them that the policy issued to its insured entitled them to recover for the diminished value of their vehicle.
  

In stating a claim for breach of contract, only a duty imposed by the terms of the contract can give rise to the breach.  
Gallagher Corp. v. Russ
, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605, 611 (1999).
  Accordingly, any duties owed to plaintiffs must be limited by the scope of the settlement agreement.  Here, plaintiffs have not alleged with any specificity the terms of the settlement contract nor have they alleged that State Farm owed them a duty to disclose potential claims under the terms of the settlement agreement.  Rather, they allege a precontractual duty which cannot form the basis of their breach of contract claim.  Accordingly, plaintiffs have failed to allege a duty arising out of a contractual relationship with State Farm. 

We next address plaintiffs' additional contention that State Farm breached a duty owed to them by reason of a voluntary undertaking. 
 The voluntary undertaking doctrine has generally been applied in the context of a negligence action to establish the element of duty.  See, 
e.g.
, 
Wakulich v. Mraz
, 203 Ill. 2d 223, 785 N.E.2d 843 (2003) (plaintiffs stated a cause of action for negligent performance of a voluntary undertaking); 
Rhodes v. Illinois Central Gulf R.R.
, 172 Ill. 2d 213, 665 N.E.2d 1260 (1996); 
Frye v. Medicare-Glaser Corp.
, 153 Ill. 2d 26, 1605 N.E.2d 557 (1992)
.  Under the doctrine, one who voluntarily undertakes to render services to another is subject to liability for bodily injury or physical damage caused by the failure to exercise reasonable care in performing the undertaking.  
Wakulich
, 203 Ill. 2d at 241, 785 N.E.2d at 854; 
Weisblatt v. Chicago Bar Ass'n
, 292 Ill. App. 3d 48, 53, 684 N.E.2d 984 (1st
 Dist. 1997).  

Here, plaintiffs have pled a breach of a voluntary undertaking as a separate cause of action rather than in the context of a negligence action.  Moreover, any alleged breach of the duty to disclose coverage claims did not cause bodily injury or property damage but, rather, caused an alleged economic loss.  Accordingly, the voluntary undertaking doctrine is inapplicable here.  See 
Weisblatt
, 292 Ill. App. 3d at 53, 684 N.E.2d at 987; 
Furtak v. Moffett
, 284 Ill. App. 3d 255, 258, 671 N.E.2d 827, 830 (1st
 Dist. 1996); but see 
Stefan v. State Farm Mutual Automobile Insurance Co.
, 284 Ill. App. 3d 727, 672 N.E.2d 1329 (5th
 Dist. 1996) (applying voluntary undertaking to economic injury without analysis of that issue).  

Even assuming the doctrine applies to economic loss, plaintiffs' allegations are fatally deficient when considering the nature of the voluntary undertaking pled in the complaint.  Plaintiffs allege that "by settling plaintiffs' property damage claims before plaintiffs obtained a judgment against Beebe * * *, State Farm acted voluntarily." As a result, State Farm had a "duty to disclose the scope and extent of coverages available to plaintiffs."  Essentially, plaintiffs assert that by voluntarily entering into a contract to settle, State Farm now owes additional duties to advise plaintiffs of additional claims they might pursue.  Plaintiffs' argument that voluntarily entering into a settlement creates new legal duties is not grounded in any legal principles.  

Accordingly, for all of the foregoing reasons, we find that the trial court properly dismissed plaintiffs' amended complaint where they failed to plead sufficient facts to establish that State Farm owed them a duty under any of the legal theories pled.  Because we find that establishing a duty was an essential element of each cause of action, and that no duty was owed by State Farm, we need not address the other fatal deficiencies in plaintiffs' amended complaint.    

Lastly, we address plaintiffs' argument that the trial court erred in granting their motion to replead their breach of contract count.  The circuit court's decision to deny leave to amend pleadings will not be reversed absent an abuse of discretion.  
Casualty Insurance Co. v. Hill Mechanical Group
, 323 Ill. App. 3d 1028, 1037, 753 N.E.2d 370, 377 (2001).  
We consider whether the proposed amendment would cure the defective pleading.  

To plead a breach of contract, plaintiffs had to allege (1) the existence of a valid and enforceable contract, (2) substantial performance by plaintiffs, (3) a breach by State Farm, and (4) resulting damages.  
Klem v. Mann
, 279 Ill. App. 3d 735, 740-41, 216, 665 N.E.2d 514, 518 (1996).  For an oral contract to be valid and enforceable, its terms must be definite and consistent.  
Trittipo v. O'Brien
, 204 Ill. App. 3d 662, 672, 561 N.E.2d 1201, 1207 (1990).  When it appears that the language used or the terms proposed are understood differently by the parties, there is no meeting of the minds and no contract exists.  
Trittipo
, 204 Ill. App. 3d at 672, 561 N.E.2d at 1207.
 

Plaintiffs' pleadings are deficient in numerous respects.  They have attempted to allege an oral contract with State Farm to settle their property damage claim.  As part of the oral contract, in addition to repairing their vehicle, they allege that State Farm agreed to pay them for the diminished value of their vehicle.  They further allege that State Farm failed to pay the full amount of damages represented by the diminished value of their vehicle.  However, in the same count, plaintiffs also allege that they were unaware of their right to diminished value.  
Accordingly, plaintiffs could not have agreed to something that they did not know they were entitled to at the time, and therefore, there could be no meeting of the minds.  

Additionally, we note that plaintiffs further allege that "[i]n consideration for State Farm's agreement to resolve the [plaintiffs'] property damage claim, the [plaintiffs] agreed to forego litigation against Beebe."  In fact, as plaintiffs acknowledged at oral argument, they have not signed any document releasing Beebe from liability; he was dismissed from this lawsuit without prejudice.  While we make no judgment as to the efficacy of any future claims against Beebe, he potentially remains subject to liability against plaintiffs for the diminished value of their vehicle.  Therefore, plaintiffs have not pled any valid basis for their consideration under the contract.  Accordingly, the trial court did not abuse its discretion in denying plaintiffs' motion for leave to replead the breach of contract count.      

For all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

QUINN, P.J. and GREIMAN, J., concur.

FOOTNOTES
1: Plaintiffs' claims against defendant Bruce Beebe were dismissed without prejudice on November 6, 2002.