NOTICE

Decision filed 06/12/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0382

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

MICHAEL E. BEATTY, M.D., d/b/a The ) Appeal from the
Southwestern Illinois Plastic and Hand ) Circuit Court of
Surgery Associates, ) Madison County.
     )
    Plaintiff-Appellee, )
     )
v. ) No. 04-L-288
     )
THE DOCTORS' COMPANY, ) Honorable
) Lola P. Maddox,
    Defendant-Appellant. ) Judge, presiding.
_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, The Doctors' Company, appeals from the order of the circuit court of Madison County that confirmed the arbitration award and entered a judgment in favor of the plaintiff, Michael E. Beatty, M.D., doing business as The Southwestern Illinois Plastic and Hand Surgery Associates (Dr. Beatty), in the amount of $1,281,082.67 in compensatory damages and $4.5 million in punitive damages, for a total judgment of $5,781,082.67. The Doctors' Company raises four issues on appeal, which we restate as follows: (1) whether the arbitrators exceeded their powers by awarding punitive damages, (2) whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in finding that The Doctors' Company owed a duty to defend Dr. Beatty, (3) whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in awarding Dr. Beatty attorney fees, costs, and a statutory penalty pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)), and (4) whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in holding that an insurer owes a

1

fiduciary duty to defend and indemnify its insured. For the reasons set forth below, we affirm the judgment of the circuit court.

The facts necessary to our disposition of this appeal are as follows. On December 10, 2004, Dr. Beatty filed an amended complaint in the circuit court of Madison County against The Doctors' Company. The amended complaint alleged that Dr. Beatty was a named insured under a policy of professional liability insurance issued by The Doctors' Company and that the policy required The Doctors' Company to provide a defense and indemnity to Dr. Beatty for claims arising out of the rendering or failing to render professional services. The insurance policy was attached to the amended complaint as "Exhibit A". The complaint further alleged that on or about July 23, 1999, a *qui tam* complaint had been filed in the United States District Court for the Southern District of Illinois. The complaint was entitled "The United States of America ex rel. Raghuram E. Elluru, M.D. and Raghuram G. Elluru, M.D. v. Michael Beatty, and Michael E. Beatty, M.D., P.C. d/b/a The Southwestern Illinois Plastic and Hand Surgery Associates" (the underlying lawsuit).

A copy of the complaint in the underlying lawsuit was attached as "Exhibit B" to the amended complaint that is the subject of this appeal. The complaint in the underlying lawsuit consisted of seven counts, which were misnumbered as eight counts. Counts I through VI alleged causes of action under the False Claims Act (31 U.S.C. §3729 (1994)) for Dr. Beatty's alleged billing of Medicaid and Medicare for medically unnecessary surgeries, for services not rendered, and for miscoded medical procedures. Count VII was omitted, and count VIII alleged a cause of action under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 1998)).

According to the amended complaint, Dr. Beatty contacted The Doctors' Company requesting coverage for the underlying lawsuit pursuant to his professional liability policy, and although The Doctors' Company offered to provide a defense to Dr. Beatty pursuant to

2

the "Mediguard Endorsement" on the policy, which provided drastically reduced coverage for disciplinary proceedings, it refused to provide him a defense pursuant to the professional liability portion of the policy. Because The Doctors' Company did not defend Dr. Beatty under a reservation of rights and did not seek a declaratory judgment, the amended complaint asserted that The Doctors' Company was estopped from raising any policy defense to coverage. Count I sought a declaratory judgment that The Doctors' Company owed Dr. Beatty a defense in the underlying lawsuit and reimbursement for Dr. Beatty's attorney fees and costs and the amount Dr. Beatty had expended to settle the underlying lawsuit. Count II sought attorney fees, costs, and a statutory penalty pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)). Count III alleged a breach of fiduciary duty and also contained a prayer for punitive damages.

On February 14, 2005, The Doctors' Company filed a motion to compel arbitration pursuant to the arbitration clause of the insurance policy. On February 24, 2005, Dr. Beatty filed a response to the motion to compel arbitration. He asserted that The Doctors' Company waived arbitration. After a hearing on the motion to compel arbitration, the circuit court took the motion under advisement on March 31, 2005. According to the record on appeal, no order was entered by the circuit court on the motion to compel arbitration until August 1, 2005, when a consent order was entered. The consent order is set forth verbatim as follows:

"This matter is before the Court on Defendant's Motion to Compel Arbitration. The Court is advised that the parties have agreed to binding arbitration *of the matters raised in Plaintiff's Amended Complaint.* Being duly advised in the premises, the Court orders as follows:

1. This cause is *stayed* pending arbitration, and shall be removed from this Court's trial docket of June 1, 2005.

2. The parties shall resolve the dispute at issue by binding arbitration

3

pursuant to paragraph K ([B]ates [S]tamp page number D00202) of the insurance policy existing between the parties[,] which is found in policy documents [B]ates [S]tamped D00192 to [B]ates [S]tamp to [*sic*] page number D00203.

   3.  The parties agree and the Court orders that any appeal of the arbitrators' finding shall be governed by [section 12 of the Uniform Arbitration Act (710 ILCS 5/12 (West 2004))] and shall be limited to the following grounds: (1) the award was procured by corruption, fraud, or other undue means; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of either party; [and] (3) the award was entered based upon a *gross error of law or fact appearing on the award's face*." (Emphases added and in original.)

The consent order was signed by the court, as well as by the attorney for each party. Pursuant to the consent order, an arbitration was conducted by a panel of three arbitrators on December 8 and 9, 2005. On January 11, 2006, the decision of the arbitrators was served upon all counsel of record. The arbitrators found The Doctors' Company liable to Dr. Beatty on count I of the amended complaint and assessed compensatory damages in the amount of $943,240. The arbitrators also found The Doctors' Company liable to Dr. Beatty on count II of the amended complaint and assessed attorney fees, costs, and a statutory penalty in the amount of $337,842.67. On count III of the amended complaint, the arbitrators also found in favor of Dr. Beatty and assessed punitive damages in the amount of $4.5 million.

On January 12, 2006, Dr. Beatty filed a motion to confirm the arbitration award. On February 17, 2006, The Doctors' Company filed an amended motion to vacate the arbitration award. On April 21, 2006, a hearing was held on the motion to confirm and the amended motion to vacate. On April 27, 2006, the circuit court entered an order confirming the arbitration award and entering a judgment on behalf of Dr. Beatty in the total amount

4

awarded by the arbitrators, $5,781,082.67. On May 26, 2006, The Doctors' Company filed a motion for reconsideration and/or to modify the judgment, which the circuit court denied on June 23, 2006. On July 20, 2006, The Doctors' Company filed a timely notice of appeal.

The Doctors' Company's first issue on appeal is whether the arbitrators exceeded their powers in awarding punitive damages. Illinois law provides that "punitive damages may be awarded in arbitration, but only where the parties have expressly agreed to the arbitrators' authority to award punitive damages." *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 105 (1992). In *Edward Electric Co.* (Edward), the arbitration agreement at issue provided, " 'The extent of Edward's claims in arbitration will be the same claims that Edward has raised against Anchor and Emery *in court*.' " (Emphasis added.) 229 Ill. App. 3d at 94. However, the arbitrators awarded punitive damages based on Edward's request for punitive damages in its arbitration claim. *Edward Electric Co.*, 229 Ill. App. 3d at 104. There is no indication from the opinion that Edward raised a claim for punitive damages in court. Our colleagues in the First District found that the requirement of an express agreement had not been met, and the court vacated the punitive damages award. *Edward Electric Co.*, 229 Ill. App. 3d at 104.

Here, the consent order states that the parties agree to arbitrate "the matters raised in Plaintiff's Amended Complaint." Count II of the amended complaint requested a statutory penalty under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)), and count III contained a prayer for relief for punitive damages. Accordingly, punitive damages were clearly raised in the amended complaint, and the parties expressly agreed to submit all the matters raised therein to binding arbitration. We therefore hold that the arbitrators did not exceed their power in awarding punitive damages.

The remaining issues raised by The Doctors' Company on appeal concern gross errors that The Doctors' Company asserts the arbitrators made in their determination of the matters

5

before them. "Judicial review of an arbitration award is more limited than the review of a trial court's decision." *Galasso v. KNS Cos.*, 364 Ill. App. 3d 124, 130 (2006). "Because the parties have agreed to have their dispute settled by an arbitrator, it is the arbitrator's view that the parties have agreed to accept, and the court should not overrule an award simply because its interpretation differs from that of the arbitrator." *Galasso*, 364 Ill. App. 3d at 130. "[A] court must construe an award, if possible, so as to uphold its validity," and an arbitration award will not be overturned or set aside because it is illogical, inconsistent, or contains errors in judgment or a mistake of law or fact. *Galasso*, 364 Ill. App. 3d at 130.

As recognized in the parties' consent order, a court may only vacate an arbitration award where a gross error of law or fact appears on the award's face. *Galasso*, 364 Ill. App. 3d at 131. As the Illinois Supreme Court has made clear, "Errors of judgment in law are not grounds for vacating an arbitrator's award when the interpretation of law is entrusted to the arbitrator." *Board of Education of the City of Chicago v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 477 (1981). "Only where it appears on the face of the award (and not in the arbitrator's opinion) that the arbitrator was so mistaken as to the law that, if apprised of the mistake, the award would be different may a court review the legal reasoning used to reach the decision." *Board of Education of the City of Chicago*, 86 Ill. 2d at 477. It is with these principles in mind that we consider The Doctors' Company's remaining issues on appeal.

The Doctors' Company's second issue on appeal is whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in finding that The Doctors' Company owed a duty to defend Dr. Beatty. The analysis necessary to determine an insurer's duty to defend has been set forth by the Illinois Supreme Court as follows:

> " 'To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaints. If the underlying complaints allege facts

6

within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. [Citation.] An insurer may not justifiably refuse to defend an action against its insured unless it is *clear* from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. [Citation.]' " (Emphasis in original.) *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Glenview Park District*, 158 Ill. 2d 116, 124 (1994) (quoting *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991)).

Here, the arbitrators found that The Doctors' Company owed Dr. Beatty a duty to defend Dr. Beatty in the underlying lawsuit under his professional liability policy. The arbitrators' award specifically states that this conclusion is based upon the allegations contained in the four corners of the complaint in the underlying lawsuit. The parties entrusted the arbitrators to analyze the allegations in the complaint and determine whether there is potential coverage under the professional liability policy. This court would have to undertake an independent analysis of the underlying complaint and insurance policy in order to determine whether the arbitrators erred. Accordingly, there is no gross error of fact or law that is apparent on the face of the award regarding The Doctors' Company's duty to defend Dr. Beatty in the underlying lawsuit, and the award may not be vacated on this basis.

The Doctors' Company's third issue on appeal is whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in finding that The Doctors' Company acted vexatiously and unreasonably under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)). Section 155 provides, in pertinent part, as follows:

"(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to

7

the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000[.]"  215 ILCS 5/155(1)(a), (1)(b) (West 2004).

The arbitrators awarded Dr. Beatty attorney fees, costs, and a penalty of $60,000 on Dr. Beatty's section 155 claim.  It appears from the face of the award that the arbitrators found that The Doctors' Company had been unreasonable and vexatious in its refusal to defend Dr. Beatty in the underlying lawsuit.  The arbitrators made specific factual findings to support this conclusion.  These included findings that The Doctors' Company failed to respond to Dr. Beatty's repeated requests for a defense, failed to notify Dr. Beatty of the reasons for their denial of coverage, disparaged Dr. Beatty for continuing to request coverage, and failed to renew his coverage.  Again, it is outside the scope of review for this court to reanalyze the facts the arbitrators considered in making their determination that The Doctors' Company engaged in unreasonable and vexatious conduct, because any error in the arbitrators' analysis would not be a gross error appearing on the face of the award.

The Doctors' Company points to the appellate court's pronouncement in *American Service Insurance Co. v. Passarelli*, 323 Ill. App. 3d 587 (2001), in support of its argument that it was error for the arbitrators to make an award under section 155.  In *American Service Insurance Co.*, the appellate court held, "[B]ecause defendant's claims under section 155 must be brought by way of complaint in the trial court, the trial court in this case erred in ordering that those damages could be sought in an arbitration proceeding."  323 Ill. App. 3d at 591.  *American Service Insurance Co.* is distinguishable from the case at bar, where the parties entered into a consent order whereby they "agreed to binding arbitration *of the*

8

*matters raised in Plaintiff's Amended Complaint.*" (Emphasis added.) Count II was based on section 155 and was clearly within the scope of the matters the parties mutually consented to arbitrate. Accordingly, the arbitrators' award under section 155 of the Illinois Insurance Code does not constitute a basis to vacate the arbitration award.

The Doctors' Company's fourth issue on appeal is whether the arbitration award should be vacated on the basis that the arbitrators grossly erred in holding that an insurer owes a fiduciary duty to defend and indemnify its insured. On the face of the award, it is apparent that the arbitrators found that The Doctors' Company breached a fiduciary duty to Dr. Beatty, because they awarded Dr. Beatty $4.5 million in punitive damages on count III of the amended complaint, which contained a cause of action for breach of fiduciary duty. The Doctors' Company argues that this is gross error, and it points to *Martin v. State Farm Mutual Automobile Insurance Co.*, 348 Ill. App. 3d 846 (2004), for the legal proposition that, under Illinois law, an insurer has no fiduciary duty to its insured. In *Martin*, the plaintiffs alleged that State Farm Mutual Automobile Insurance Company (State Farm) failed to disclose to them that they were entitled to compensation under their insurance policy for the diminished value of their vehicle. 348 Ill. App. 3d at 849. The plaintiffs sought damages against State Farm based upon several theories of recovery, including breach of fiduciary duty. *Martin*, 348 Ill. App. 3d at 849. The appellate court held, "[T]he mere fact that a contract of insurance or a contract to settle plaintiffs' claim existed between the parties is insufficient to support a finding of a fiduciary relationship." *Martin*, 348 Ill. App. 3d at 851. Furthermore, the appellate court found that the plaintiffs did not plead with specificity any special circumstances that would give rise to a fiduciary duty. *Martin*, 348 Ill. App. 3d at 852.

*Martin* did not address the duty of an insurer to the insured once the duty to defend has been triggered. This court has recognized that " '[a]n insurance company has a fiduciary

9

duty to defend its insured and to consider the insured's interest.' " *O'Neill v. Gallant Insurance Co.*, 329 Ill. App. 3d 1166, 1177 (2002) (quoting *Douglas v. Allied American Insurance*, 312 Ill. App. 3d 535, 543 (2000)).  Accordingly, the arbitrators' finding that The Doctors' Company breached a fiduciary duty to Dr. Beatty is not gross error appearing on the face of the award, and it does not constitute a basis to vacate the award.

For the foregoing reasons, the judgment of the circuit court is affirmed.


Affirmed.


GOLDENHERSH and STEWART, JJ., concur.

NO. 5-06-0382

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MICHAEL E. BEATTY, M.D., d/b/a The Southwestern Illinois Plastic and Hand Surgery Associates, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 04-L-288 |
| THE DOCTORS' COMPANY, | ) ) ) | Honorable Lola P. Maddox, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

**Opinion Filed**: June 12, 2007

**Justices**: Honorable Stephen L. Spomer, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant** — Stephen P. Niemira, John S. Sandberg, Samuel J. Wright, Sandberg, Phoenix & Von Gontard, P.C., One City Centre, 15th Floor, St. Louis, MO 63101; Marc E. Rosenthal, Jeffrey W. Sarles, Violeta I. Balan, Mayer, Brown, Rowe & Maw, LLP, 71 South Wacker Drive, Chicago, IL 60606

**Attorneys for Appellee** — Michael J. Bedesky, Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., 115 N. Buchanan, P.O. Box 368, Edwardsville, IL 62025; Robert Wendt, The Wendt Law Firm, 1010 Market Street, Suite 1440, St. Louis, MO 63101