SIXTH DIVISION

June 22, 2001

No. 1-00-2543

AMERICAN SERVICE INSURANCE COMPANY,

Plaintiff-Appellant,

v.

STEPHEN S. PASSARELLI,

Defendant-Appellee.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Aaron Jaffe,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff American Service Insurance Company (American) appeals from the trial court's granting of defendant Stephen S. Passarelli's motion for summary judgment.  At issue is whether defendant can seek recovery of damages for bad faith under section 154.6 and attorney fees and costs under 
section 155 of the Illinois Insurance Code (the Code) (215 ILCS 5/154.6, 155 (West 1996)) as part of the arbitration of his car accident claim.  Because we hold that defendant cannot recover such damages in arbitration, we reverse the trial court's award of summary judgment to defendant and remand the case for further proceedings consistent with this opinion.  

Defendant was involved in a car accident with an uninsured motorist on August 14, 1995
.  Defendant had an automobile insurance policy with American, and attempts between defendant and American to settle defendant's claim were unsuccessful.  This appeal centers upon the scope of the language of an exclusion to the uninsured motorist coverage provisions of defendant's policy that the policy does not apply to "any claim against the Company where an insured has failed to make a written demand for Arbitration."  

Defendant filed a demand for arbitration, contending that he should be compensated under the uninsured motorist provision of his policy with American.  Defendant later filed an amendment to his arbitration demand in which he sought arbitration of his claims against American for alleged violations of section 154.6 and attorney fees and costs pursuant to section 155.  In the demand, defendant stated that he sought arbitration of those claims "in light of the decision of the First District Appellate Court in 
Marcheschi v. Illinois Farmers Insurance Co.
, 298 
Ill. App. 3d
 306, 698 
N.E.2d 
683 (1998)."

American filed an amended complaint stating that defendant's insurance policy did not cover claims for violations of section 154.6 or section 155 of the Code.  American sought a declaratory judgment that defendant's claims under those two sections could not be arbitrated and asked that the arbitration proceedings be stayed.  In defendant's answer to American's complaint, defendant asserted as an affirmative defense that his claims under sections 154.6 and 155 arose "out of and in the context of his demand for settlement of his uninsured motorist claim under the uninsured motorist coverage provisions of his policy" with American.  He asserted that the language of American's policy did not limit the types of claims that could be arbitrated to only include claims made under the policy's uninsured motorist provisions, but that the language expanded the basis for making any claim against American dependent on a demand for arbitration for that claim.       

American again moved to stay the arbitration proceedings.  Defendant moved for summary judgment pursuant to section 2-1005(b) of the Code of Civil Procedure (735 ILCS 5/2-1005(b) (West 1998)), again arguing that under the language of American's policy, he was required to bring his claims for bad faith and attorney fees in the arbitration proceeding.  The trial court granted defendant's motion based on the language of American's policy, namely, that the policy does not apply "to any claim against the Company where an insured has failed to make a written demand for arbitration."  The trial court found that "this language encompasses Defendant's claims for a finding of bad faith and for attorney's fees."  

On appeal, American contends that the only issues that can be determined in an arbitration proceeding are the liability of the uninsured motorist and the damages due to the insured as a result of the uninsured motorist's negligence, citing 
State Farm Fire & Casualty Co. v. Yapejian
, 152 
Ill. 2d
 533, 605 
N.E.2d
 539 (1992).  American asserts that section 154.6 does not allow a private action for bad faith or improper claims practices.  American also argues that the correct procedure to recover damages for attorney fees under section 155 is for defendant to file suit in the trial court.  

We note that, subsequent to the filing of American's appeal, American filed a motion to stay the arbitration proceeding, which this court denied.  In addition, defendant has filed a motion to strike American's reply brief, which we have taken with the case and which we deny.

This court reviews
 the trial court's award of summary judgment 
de novo
.  
Jones v. Chicago HMO Ltd.
, 191 
Ill. 2d
 278, 291, 730 
N.E.2d 
1119, 1127 (2000).  Summary judgment is proper where the pleadings and other materials on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  
Jones
, 191 
Ill. 2d
 at 291, 730 
N.E.2d 
at 1127.  Moreover, summary judgment is a drastic remedy that should be allowed only when the right of the moving party is clear and free from doubt.  
Jones
, 191 
Ill. 2d
 at 291, 730 
N.E.2d 
at 1127. 

Section 143a(1) of the Code requires the arbitration of "any dispute with respect to" uninsured motorist coverage.  215 ILCS 5/143a(1) (West 1998).  In 
State Farm
, 152 
Ill. 2d
 at 537, 605 
N.E.2d 
at 540-41, the supreme court defined the scope of that language when it reversed an appellate court's ruling that section 143a(1) unambiguously required arbitration of all disputes relating to uninsured motorist coverage.  The court stated that the language could be construed broadly, to require arbitration of all matters relating to uninsured motorist coverage, or narrowly, to limit arbitration of disputes concerning covered claims, once coverage had been established.  
State Farm
, 152 
Ill. 2d
 at 541, 605 
N.E.2d
 at 542.  Having reviewed principles of statutory construction and the legislative history of section 143a(1), the supreme court concluded that section 143a(1) should be interpreted narrowly to limit the matters submitted to arbitration, noting that such a limitation would allow the resolution of a number of issues in the courts and contribute to the body of case law on the subject of uninsured motorist coverage, as opposed to having those issues submitted to and resolved via arbitration.  
State Farm
, 152 
Ill. 2d
 at 543-44, 605 
N.E.2d 
at 543-44.
  Based upon the supreme court's interpretation of the scope of section 143a, as well as the sections of the Code pertinent to defendant's claim, we conclude that the trial court erred in granting defendant's motion for summary judgment.

Section 154.6 lists acts committed by an insurance company that constitute improper claims practices if, according to section 154.5, they are committed knowingly or "with such frequency to indicate a persistent tendency to engage in that type of conduct." 215 ILCS 5/154.5 (West 1996).  However, section 154.5
 et seq
. does not give rise to a private remedy or cause of action by a policyholder against an insurer but is instead regulatory in nature.  
Purlee v. Liberty Mutual Fire Insurance Co.
, 260 
Ill. App. 3d
 11, 31, 631 
N.E.2d 
433, 448 (1994); 
Van Vleck v. Ohio Casualty Insurance Co.
, 128 
Ill. App. 3d
 959, 961, 471 
N.E.2d 
925, 927 (1984).  Section 154.7 vests the State Director of Insurance with the authority to charge a company with improper claims practices and serve the company with notice of a hearing date.  215 ILCS 5/154.7 (West 1998).  If a company is found at the hearing to have engaged in improper claims practices, the Director is required to order the company to cease such practices and has the discretion to suspend the company's certificate of authority and/or impose a civil penalty of up to $250,000.  215 ILCS 5/154.8 (West 1998).  Defendant therefore cannot personally seek damages from American under section 154.6.

In contrast to section 154.6, a private cause of action does exist under section 155 for recovery of attorney fees.
  
As the supreme court stated in
 
Cramer v. Insurance Exchange Agency
, 174 
Ill. 2d
 513, 520, 675 
N.E.2d
 897, 900 (1996)
, section 155 "provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable."  The supreme court added that an insured plaintiff could recover reasonable attorney fees and other costs as part of a breach of contract action to recoup the proceeds due under the policy.  
Cramer
, 174 
Ill. 2d
 at 520, 675 
N.E.2d 
at 900.  

However, defendant's attempt to recover attorney fees under section 155 by way of an arbitration proceeding is flawed.  
The procedure by which an insured can pursue recovery of attorney fees is clearly demonstrated in 
Marcheschi,
 which defendant has apparently misinterpreted to allow arbitration of his claim for attorney fees.  In 
Marcheschi
, 298 
Ill. App. 3d
 at 308, 698 
N.E.2d
 at 685
, the plaintiff filed a complaint in the trial court seeking recovery under section 155.  This is consistent with the language of section 155(1), which states that "
the court
 may allow as part of the taxable costs in the action reasonable attorney fees" and that such an award is allowable if "it appears 
to the court
 that such action or delay is vexatious and unreasonable."  (Emphasis added.)  215 ILCS 5/155(1) (West 1998).
  As stated in 
McGee v. State Farm Fire & Casualty Co.
, 315 
Ill. App. 3d
 673, 681, 734 
N.E.2d 
144,151 (2000), the "key question in a section 155 claim is whether an insurer's conduct is vexatious and unreasonable" and that determination is "a matter committed to the trial court's discretion."  See also 
Estate of Price v. Universal Casualty Co.
, No. 1-00-1412 (May 14, 2001); 
LaGrange Memorial Hospital v. St. Paul Insurance Co.
, 317 
Ill. App. 3d
 863, 873, 740 
N.E.2d 
21, 30 (2000); 
Peerless Enterprise, Inc. v. Kruse
, 317 
Ill. App. 3d
 133, 139, 738 
N.E.2d 
988, 995 (2000) (in which this court reviewed trial court awards of attorney fees under section 155).  Based upon this precedent, it is readily apparent that defendant must bring his claim under section 155 in the trial court.  

In summary, because section 154.6 does not provide a private cause of action for an insurer's bad faith and because defendant's claims under section 155 must be brought by way of complaint in the trial court, the trial court in this case erred in ordering that those damages could be sought in an arbitration proceeding.  

Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.  

Reversed and remanded.

BUCKLEY and O'BRIEN, JJ., concur.