FIRST DIVISION

No. 1-09-0820

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY and AMERISURE INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs and Counterdefendants-Appellees, | ) ) ) | |
| v. | ) ) | No. 08 CH 42242 |
| GLOBAL REINSURANCE CORPORATION OF AMERICA, f/k/a Gerling Global Reinsurance Corporation of America, | ) ) ) ) | |
| Defendant and Counterplaintiff-Appellant. | ) ) ) | The Honorable Rita M. Novak, Judge Presiding. |

JUSTICE LAMPKIN delivered the opinion of the court:

This case involves a dispute over attorney fees awarded by an arbitration panel pursuant to section 155 of the Illinois Insurance Code (Code) (215 ILCS 5/155 (West 2006)). Amerisure Mutual Insurance Company and Amerisure Insurance Company (Amerisure) were awarded $1,556,709.27 in damages plus interest and attorney fees for the underlying reinsurance claim against Global Reinsurance Corporation of America, f/k/a Gerling Global Reinsurance Corporation of America (Global). Global challenged the propriety of the section 155 attorney fee award in circuit court. The circuit court affirmed. On appeal, Global contends the attorney fee award should be vacated where the arbitration

panel either exceeded its powers or committed a gross error of law on the face of the award by awarding attorney fees pursuant to section 155.

FACTS

Effective July 1, 2001, Amerisure and Global entered an "Umbrella Quota Share Reinsurance Agreement," a/k/a the treaty, wherein Global agreed to reinsure a number of Amerisure's outstanding umbrella insurance policies. Pursuant to article 24 of the treaty, the parties agreed to arbitrate disputes.

According to Amerisure, in May 2006, it billed Global for a reinsurance claim valued at approximately $1.5 million. In response, Global made a number of requests to review documents related to the claim. Amerisure complied with the requests; however, Global never notified Amerisure of its intent with regard to the claim. On December 27, 2006, Amerisure sent a letter to Global demanding arbitration because Global refused to pay the claim. Amerisure demanded "the amounts due under" the treaty, in addition to "interest, costs and exemplary damages." Pursuant to their treaty, the parties appointed a three-person panel to hear the dispute in Chicago, Illinois. According to the choice-of-law provision in article 24 of their treaty, the parties agreed Illinois law governed.

In October and November 2007, in prearbitration filings and meetings, Amerisure expressly informed the panel it was seeking

attorney fees.[1]  On November 20, 2007, Global submitted a letter response to the panel.  In relevant part, Global argued:

> "[T]he Panel has no authority to award [attorney] fees to either party because both parties have not requested them ***, the arbitration agreement does not authorize the Panel to award them, and there does not appear to be any statute that would support such an award."

Global supported its argument by citing article 24 of the parties' treaty, Rule 43(d) of the American Arbitration Association's (AAA) Supplementary Procedures for the Resolution of Intra-industry United States Reinsurance and Insurance Disputes (Rule 43(d))[2], and Illinois law.

Following discovery, Amerisure filed a prehearing brief on September 22, 2008, arguing for the first time that its claim for attorney fees was supported by section 155 of the Code, which punishes an insurer for vexatious and unreasonable actions or

---

[1]Amerisure maintains it requested attorney fees from "the beginning," noting it listed "costs" and "exemplary damages" in its initial arbitration demand.  Global does not take issue with the timing of Amerisure's request for attorney fees.

[2]The parties agreed to waive all AAA rules except Rule 43(d).

1-09-0820

delays. Amerisure filed a memorandum in support of its argument. Global responded by filing its own prehearing memorandum, arguing that section 155 did not apply to reinsurance relationships and therefore could not support Amerisure's attorney fee claim.

On October 16, 2008, the parties' attorneys and at least one panel member participated in a teleconference. During the teleconference, Amerisure said it was seeking attorney fees under reinsurance law in general and Illinois law in particular.

The arbitration hearing was held from October 20, 2008, to October 24, 2008. Amerisure referred to a list of examples of Global's bad faith conduct, as outlined in its prehearing brief. Amerisure reiterated that it was seeking attorney fees based upon section 155 of the Code. Then, when one of the panel members asked what law controlled the dispute, Amerisure replied that section 155 controlled, but that the panel should otherwise "fill in the intersperses in the parties' agreement with reinsurance custom and practice." Amerisure continued, "[t]hat's my understanding of the derivation of the utmost good faith rule, so the parties do not have to put in their contracts all kinds of provisions you see in a classic Wall Street M & A agreement. That's what custom and practice do."

The record contains a document prepared by Amerisure entitled "Proposed Findings and Conclusions." The document is not signed by the panel or either of the parties. However, in

the document, Amerisure proposed that "[Global's] refusal to pay the [underlying] loss is unreasonable and vexatious within the meaning of Section 155, because [Global] was uncooperative, acted contrary to its duty of utmost good faith and forced Amerisure to demand arbitration, depriving Amerisure of indemnification."

On November 10, 2008, the panel awarded Amerisure the principal disputed amount of $1,556,709 plus interest and attorney fees. The panel said, "[Global] is hereby ordered to pay by December 10, 2008, [Amerisure's attorney] fees as billed and paid in an amount not to exceed $1,500,000 *based on the finding by this panel of [Global's] violation of its duty of utmost good faith* to [Amerisure]." (Emphasis added.) Global timely paid the principal amount plus interest, but did not pay the attorney fees.

On November 12, 2008, Amerisure moved to confirm the award pursuant to the Uniform Arbitration Act (Act)(710 ILCS 5/1 *et seq.* (West 2006)). On December 4, 2008, Global filed an answer and a counterapplication to reject the award of attorney fees. In its answer, Global admitted that Amerisure alleged Global engaged in bad-faith conduct and that Amerisure sought fees pursuant to section 155. In its counterapplication, Global alleged the panel exceeded its authority by awarding fees: (1) on a theory not submitted; (2) where not authorized by the

1-09-0820

parties' arbitration agreement; (3) where the parties "collectively did not vest the [p]anel with authority to decide the issue"; (4) where section 155 does not authorize fees in a reinsurance case; (5) where only a court and not an arbitration panel may award section 155 attorney fees; (6) where Illinois does not provide a legal basis for awarding fees based on a violation of the duty of utmost good faith; and (7) where Rule 43(d) does not authorize the award.

On December 19, 2008, Global filed a motion for summary judgment, alleging the panel exceeded its authority in awarding the attorney fees because the award was not given based upon the theory advanced by the parties, *i.e.*, section 155 of the Code, and it was not otherwise authorized by Illinois law. Moreover, Global alleged the panel did not have the authority to award attorney fees pursuant to section 155 because the statute only authorizes courts to award fees. In the alternative, Global claimed a gross error of law appeared on the face of the award.

On January 12, 2009, Amerisure filed a response to Global's motion for summary judgment. Amerisure alleged Global waived its ability to challenge the arbitrability of attorney fees by failing to file a petition before a court pursuant to section 2 of the Act (710 ILCS 5/2 (West 2006)) and by participating in arguments before the panel regarding whether Amerisure was

entitled to section 155 fees. Moreover, Amerisure alleged the panel did not exceed its powers in awarding attorney fees, maintaining "a vexatious and unreasonable delay of payment is part and parcel of a violation of the duty of utmost good faith, which the arbitration clause placed squarely before the [p]anel for decision." Amerisure additionally alleged there was no gross error of law on the face of the panel's award.

On March 16, 2009, Amerisure filed an answer to Global's counterapplication to reject a portion of the award, denying Global's allegations and asserting the affirmative defenses of waiver and proper jurisdiction.

The circuit court denied Global's motion for summary judgment, finding the panel did not exceed its authority and no gross error of law appeared on the face of the award. Specifically, the court said:

"There [is], it seems to the Court, some overlap with regard to the issue of whether or not the Panel exceeded its authority and whether or not the Panel made a gross error in law because it seems to the Court that based on the entire record, I am really not able to say that the Panel exceeded its authority in that it was deciding an issue that was not permitted to decide under Illinois law.

I know [the Panel] didn't use the words Section 155.

I know [the Panel] used a term that [the Panel] was probably more familiar with as a result of its expertise in reinsurance, but it seems to the Court that given the entire record, which is that the primary dispute and the briefs and the arguments were all about whether Section 155 of the Illinois Insurance Code applied.

I cannot find, frankly, in good faith, that the Panel exceeded its authority.

It may, in fact, have [not] used precise and specific terms that are embodied in Section 155, but certainly the sentiment is expressed in that award.

And given the fact that that wasn't heartfelt, the parties' arguments with regard to [attorney] fees, I can't find that the Panel exceeded its authority.

Secondly, I think that the question of the gross error or the gross misapplication of the law, in fact, is a harder hurdle to overcome for any person or entity contesting an arbitration award.

It seems to the Court that the recent decisions of our Appellate Court, including the First District Appellate Court which are binding on this Court[,]

really give the Panel broad berth in making judgment calls about what the appropriate law is and really admonished the Courts by their actions, if not by their words, that it should not disturb an arbitration award just because it may disagree with the application of law.

So, while this might be an odd posture for a Court which normally reviews questions of law *de novo*, it is, it seems to the Court, clear from the Appellate Court's direction that this is territory that the Court is not permitted to tread on except in those extreme circumstances.

I don't find that those extreme circumstances exist in this case.

I know that there are two decisions cited, one from the First District and one from the Fifth District, involving questions of whether Section 155 applies to reinsurance agreements, but it seems to the Court that ultimately the law in Illinois on that issue is in flux, and that there is not a clear precedent that clearly defines the scope of that provision, which would presumably bind the Arbitration Panel applying Illinois law.

But I don't think that the law is that clear, well defined.

And I certainly can't find, given that situation, that the Panel committed a gross misapplication or gross error of law."

On March 25, 2009, the court granted Amerisure's motion to confirm the arbitration award, entering judgment against Global for $861,176 in attorney fees and $27,217.04 in interest. Global appeals.

DECISION

Global contends the circuit court erred in denying its motion for summary judgment where the arbitrators exceeded their contractual and statutory authority by awarding attorney fees to Amerisure and committed a gross error of law in doing so.

We review a circuit court's ruling on a motion for summary judgment *de novo*. Neiman v. Economy Preferred Insurance Co., 357 Ill. App. 3d 786, 793, 829 N.E.2d 907 (2005). Summary judgment is proper where the pleadings and documents on file, viewed in a light most favorable to the nonmoving party, demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Neiman, 357 Ill. App. 3d at 793.

"Judicial review of an arbitration award is more limited than the review of a trial court's decision. [Citation.] Because the parties have agreed to have their dispute settled by an arbitrator, it is the arbitrator's view that the parties have agreed to accept, and the court should not overrule an award simply because its interpretation differs from that of the arbitrator. [Citation.] There is a presumption that the arbitrator did not exceed his authority [citation], and a court must construe an award, if possible, so as to uphold its validity [citation]. A court has no power to determine the merits of the award simply because it strongly disagrees with the arbitrator's contract interpretation. [Citation.] Also, a court cannot overturn an award on the ground that it is illogical or inconsistent. [Citation.] In fact, an arbitrator's award will not even be set aside because of errors in judgment or a mistake of law or fact. [Citation.]" Galasso v. KNS Cos., 364 Ill. App. 3d 124, 130, 845 N.E.2d 857 (2006).

The parties agree Illinois law applies in this case because the situs of the arbitration was Chicago. Section 12(a) of the Act provides that an award "shall" be vacated under very limited circumstances. See 710 ILCS 5/12(a) (West 2006). In relevant

-11-

part, an award "shall" be vacated where the "arbitrators exceeded their powers." 710 ILCS 5/12(a)(3) (West 2006). In addition, our supreme court has determined that courts have the power to vacate an arbitration award when a gross error of law appears on its face. Lee B. Stern & Co. v. Zimmerman, 277 Ill. App. 3d 423, 425, 660 N.E.2d 170 (1995), citing Board of Education v. Chicago Teachers Union, Local No. 1, 86 Ill. 2d 469, 477, 427 N.E.2d 1199 (1981).

I. Authority for the Award

Global contends the panel exceeded its authority in awarding attorney fees to Amerisure.

Amerisure contends Global waived review of this contention because it failed to challenge the arbitrability of attorney fees in the circuit court during the pendency of the arbitration. Amerisure relies on section 2 of the Act (710 ILCS 5/2 (West 2006)) and Galasso for support.

Global contends it did not commit waiver because it agreed Rule 43(d) of the AAA authorized the panel to award attorney fees if permitted by Illinois law; however, it timely argued before the panel that Illinois law provided no authority to award the attorney fees in this case. We agree.

The parties here have a contractual right to limit the awarding of attorney fees in an arbitration proceeding. "A contractual right with respect to arbitration can be waived as

can any other contract right." <u>Ure v. Wangler Construction Co.</u>, 232 Ill. App. 3d 492, 498, 597 N.E.2d 759 (1992); see also <u>First Health Group Corp. v. Ruddick</u>, 393 Ill. App. 3d 40, 52, 911 N.E.2d 1201 (2009) (a party cannot "sit silent, wait until an adverse award issued, and then first argue that the arbitrator did not have the authority even to hear the claim"). "Waiver of a contract term may occur when a party conducts itself in a manner which is inconsistent with the subject clause, thereby indicating an abandonment of its contractual right." <u>Ure</u>, 232 Ill. App. 3d at 498-99 (the defendant waived his right to consent to consolidation by waiting until the joint arbitration convened and objecting for the first time during opening statements). However, if a party makes a timely objection, *i.e.*, at the earliest possible time, "the issue will be preserved for judicial review, even if the party then participates in the subsequent arbitration proceeding." <u>First Health Group Corp.</u>, 393 Ill. App. 3d at 49; see <u>Ure</u>, 232 Ill. App. 3d at 499.

Here, Global preserved the attorney fee issue for judicial review with its timely objections. Initially, in response to Amerisure's announcement that it intended to seek attorney fees without specifying its basis for the fees, Global said:

> "[T]he Panel has no authority to award [attorney]
> fees to either party because both parties have not

requested them ***, the arbitration agreement does not authorize the Panel to award them, and there does not appear to be any statute that would support such an award."

Then, once Amerisure expressly articulated that it was relying on section 155 to support its attorney fee claim, Global argued in its prehearing brief and at the hearing that section 155 does not allow arbitration panels to award attorney fees in reinsurance actions.

Despite Global's consistent objections, Amerisure claims Global waived review of this issue because Global did not bring a section 2 petition to stay the arbitration and challenge the arbitrability of the attorney fees before a court. We disagree. Because Global does not dispute the arbitrability of attorney fees but, rather, the applicability of section 155 to the instant reinsurance action, Global was not required to bring an arbitrability challenge.

Section 2 of the Act provides:

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing

party, the court shall order the parties to proceed to arbitration."  710 ILCS 5/2(b) (West 2006).

Section 2 is permissive.  "On application" indicates the challenging party has a choice whether to "apply" for review of the arbitrability of an issue.  710 ILCS 5/2(b) (West 2006).  If the party so decides to challenge arbitrability, the circuit court "may" stay an arbitration.  710 ILCS 5/2(b) (West 2006).

Amerisure's reliance on Galasso to support its contention that Global had to file a section 2 petition to avoid waiver is misplaced.  In Galasso, an arbitration panel awarded attorney fees pursuant to the Attorneys Fees in Wage Actions Act (Attorneys Fees Act) (705 ILCS 225/0.01 (West 2002)) based on a finding that the appellees were employees under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq. (West 2002)). Galasso, 364 Ill. App. 3d at 132.  On appeal, the appellant contended the panel exceeded its authority because the fees were not part of the parties' employment agreements or permitted by the Attorneys Fees Act, and therefore were not arbitrable. Galasso, 364 Ill. App. 3d at 132.  The appellant, however, did not submit a section 2 petition to challenge the arbitration agreement nor did the appellant object, at any point during the arbitration, to the arbitrability of the fees sought.  Galasso, 364 Ill. App. 3d at 133.  Furthermore, in asking the circuit

court to vacate the award, the appellant argued that, in addition to the panel's award not being authorized by contract or permitted by the statute at issue, it improperly included fees related to other claims. Galasso, 364 Ill. App. 3d at 133. This court found the appellant conceded before the circuit court that the arbitrator could resolve the issue of attorney fees. Galasso, 364 Ill. App. 3d at 133. As a result, this court held the appellant forfeited its argument. Galasso, 364 Ill. App. 3d at 133.

Contrary to Amerisure's argument on appeal, Galasso does not stand for the proposition that a party must utilize section 2 in all instances to preserve an issue for judicial review. Rather, Galasso noted that matters relating to preliminary questions of arbitrability, like the scope of arbitrable issues or the validity of an employment agreement between the disputing parties, should be decided by arbitrators rather than courts in accordance with Illinois public policy favoring arbitration as a means of dispute resolution. Galasso, 364 Ill. App. 3d at 128-130. Nevertheless, Galasso acknowledged that section 2 provided a procedure to a party to petition the circuit court to determine arbitrability questions where a party challenges the existence of an arbitration agreement. Galasso, 364 Ill. App. 3d at 129-130. Relevant to this appeal, Galasso ruled the defendant forfeited review of his argument that the arbitrator exceeded his authority

by awarding attorney fees because the defendant neither submitted a section 2 petition to the court nor raised an objection before the arbitrator. Galasso, 364 Ill. App. 3d at 132-33. Thus, we reject Amerisure's contention that arbitration parties must utilize section 2 to preserve issues for judicial review.

Furthermore, Galasso is distinguishable from the case at bar. In the instant case, as we stated, Global was not required to submit a section 2 petition where it was *not* challenging the arbitrability of the panel's authority to award attorney fees in general. Global simply contested whether the panel had the power to award attorney fees to Amerisure based on section 155. Moreover, in contrast to the Galasso appellant, Global, as discussed above in detail, clearly objected in a timely manner to the panel's authority to award attorney fees pursuant to section 155. First Health Group Corp., 393 Ill. App. 3d at 48-49; see Ure, 232 Ill. App. 3d at 499. Accordingly, Global did not waive its challenge to the panel's authority to award the fees pursuant to section 155.

Turning to the substance of this appeal, Global contends the arbitrators exceeded their authority because (1) they awarded attorney fees on a basis the parties did not submit for resolution, and (2) Illinois law does not authorize arbitrators to award section 155 attorney fees.

Although an arbitration panel need not disclose its basis for an award (Edward Electric Co. v. Automation Inc., 229 Ill. App. 3d 89, 100, 593 N.E.2d 833 (1992)), the instant panel did. The arbitrators awarded attorney fees "based on a finding of *** [Global's] violation of its duty of utmost good faith to [Amerisure]."

Insurers have an implied duty to use good faith in representing their insureds. Pekin Insurance Co. v. Home Insurance Co., 134 Ill. App. 3d 31, 33, 479 N.E.2d 1078 (1985). An insurer violates that duty when it acts in a vexatious, unreasonable, or outrageous manner. Pekin Insurance Co., 134 Ill. App. 3d at 34. More specific to the instant appeal, the reinsurance industry imposes the duty of utmost good faith. See Northwestern Mutual Life Insurance Co. v. Amerman, 119 Ill. 329, 338, 10 N.E. 2d 225 (1887).

"[R]einsurance relationships are governed by the traditional principle of 'utmost good faith' ('uberrima fides'). [Citations.] 'Utmost good faith ... requires a reinsurer to indemnify its cedent for losses that are even arguably within the scope of the coverage of the reinsured, and not to refuse to pay merely because there may be another reasonable interpretation of the parties' obligations under which the reinsurer could avoid payment.' " Commercial Union Insurance Co.

v. Seven Provinces Insurance Co., 217 F.3d 33, 43 (1st Cir. 2000), quoting United Fire & Casualty Co. v. Arkwright Mutual Insurance Co., 53 F. Supp. 2d 632, 642 (S.D.N.Y. 1999).

Global focuses much of its energy on arguing that the panel exceeded its authority because it awarded the attorney fees based on a violation of the duty of utmost good faith, which was not a basis submitted by Amerisure or briefed by the parties. The record, however, establishes that Amerisure requested attorney fees based on both section 155 of the Code and the practices of the reinsurance industry, which, as just described, include the duty of utmost good faith.

A review of the portions of the pleadings and the arbitration hearing transcript included in the record on appeal[3] demonstrates the parties and the panel members repeatedly referred to the reinsurance custom of utmost good faith. Global admits such in its reply brief. In fact, during the hearing, Amerisure urged the panel to rely on its reinsurance expertise, specifically referencing the "utmost good faith rule," in

---

[3]The arbitration record was originally sealed by agreement of the parties; however, the circuit court dissolved its order during the proceedings and ordered the parties to file future filings in the "usual fashion."

conjunction with section 155 in making its decision. Global did not object then, or at any point when Amerisure referenced the duty of utmost good faith. And, Amerisure consistently argued before the panel that it was entitled to section 155 attorney fees based on Global's conduct in violation of the duty of utmost good faith.

We recognize a violation of the duty of utmost good faith does not, in itself, provide a basis for awarding attorney fees. However, Illinois does recognize that allowing the recovery of damages incurred as a result of unreasonable delays in the settlement of insurance claims will encourage insurers to act with the utmost good faith in resolving disputes. Calcagno v. Personalcare Health Management, Inc., 207 Ill. App. 3d 493, 505, 565 N.E.2d 1330 (1991) (finding an insurer that paid the underlying claim prior to being sued still may be held liable for section 155 fees where the insurer unreasonably delayed settling the claim). The instant record demonstrates that the terms "violation of the duty of utmost good faith" and "vexatious and unreasonable delay pursuant to section 155" were consistently used, if not interchangeably, then as counterparts throughout the arbitration. This was not, as Global contends, similar to Quick & Reilly, Inc. v. Zielinksi, 306 Ill. App. 3d 93, 101, 713 N.E.2d 739 (1999), where the arbitrators in that case exceeded their authority because they awarded attorney fees based on a statute

not presented by the parties.  Here, the panel did not exceed its authority in considering the reinsurance industry duty of utmost good faith in its ultimate award.

Nevertheless, we do find that the panel exceeded its authority because it relied on Illinois law as the basis for awarding attorney fees; however, Illinois law is clear that section 155 of the Code does not authorize arbitrators to award attorney fees.

Section 10 of the Act (710 ILCS 5/10 (West 2006)) provides:

"Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including attorney's fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award."  (Emphasis added.)

This court has interpreted the statute to mean:

"[A]bsent a contrary provision in the arbitration agreement, the Act authorizes arbitrators to assess all fees and costs associated with an arbitration proceeding, except for attorney fees.  With respect to attorney fees, the statute neither permits nor prohibits the arbitrators' assessment of attorney fees. Rather, the Act delegates this decision to the parties. As such, an arbitrator's authority to assess attorney

fees derives solely from the agreement to arbitrate."

Lee B. Stern & Co., 277 Ill. App. 3d at 426. Moreover, " '[P]arties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication.' " Lee B. Stern & Co., 277 Ill. App. 3d at 427-28, quoting Flood v. Country Mutual Insurance Co., 41 Ill. 2d 91, 94, 242 N.E.2d 149 (1968).

Here, the parties' arbitration agreement did not expressly provide for attorney fees; however, in relation to the agreement to arbitrate, the treaty said "except as provided ***, arbitration shall be based upon the procedures of the American Arbitration Association insofar as applicable." In addition, the treaty said "[t]he arbitrators shall not be obliged to follow judicial formalities or rules of evidence except to the extent required by governing law -- that is, the state law of the situs of the arbitration ***; they shall make their decisions according to the practice of the reinsurance business."

Rule 43(d)(2) of the AAA provides three bases upon which an arbitration panel may award attorney fees: (1) "if all parties have requested such an award"; (2) if "it is authorized by law"; or (3) if it is authorized by "their arbitration agreement." Both parties did not request attorney fees, only Amerisure did, and, as stated, the arbitration agreement did not expressly

provide for attorney fees.  Therefore, the parties agreed to arbitrate only those attorney fees authorized by Illinois law, as the chosen forum.

Section 155 of the Code provides, in relevant part:

"(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees."  215 ILCS 5/155 (West 2006).

A court's primary objective in interpreting a statute is to give effect to the intent of the legislature.  Harshman v. DePhillips, 218 Ill. 2d 482, 493, 844 N.E.2d 941 (2006).  The best indicator of the legislators' intent is the plain language of the statute.  Harshman, 218 Ill. 2d at 493.  When a statute's language is clear and unambiguous, we will give it effect without resorting to other aids of construction.  Harshman, 218 Ill. 2d at 493.

In interpreting section 155, this court has said:

"Section 155 is intended to penalize vexatious

delay or rejection of legitimate claims by insurance companies. If the insurance company vexatiously delays or rejects legitimate claims, it is responsible for the expense resulting from the insured's efforts *to prosecute the claim*. [Citation.] When an insured must resort *to bringing a declaratory action against the insurer in order to enforce its right to coverage in an underlying lawsuit*, the insured may recover section 155 attorney fees incurred in both the underlying case and the declaratory action. [Citation.]" (Emphasis added.) Estate of Price v. Universal Casualty Co., 334 Ill. App. 3d 1010, 1012, 779 N.E.2d 384 (2002).

Since the statute was implemented in 1937, it has designated the court as the authority to allow section 155 attorney fees. Moreover, this court has held that a party may not "recover attorneys fees under section 155 by way of an arbitration proceeding." American Service Insurance Co. v. Passarelli, 323 Ill. App. 3d 587, 591, 752 N.E.2d 635 (2001). Relying on the plain language of the statute, this court found the insured improperly attempted to recover attorney fees from an arbitration panel when the fees may only be awarded by a circuit court. Passarelli, 323 Ill. App. 3d at 591. Specifically, the Passarelli court relied on the language of section 155: " '*the*

*court* may allow as part of the taxable costs in the action reasonable attorney fees' and that such an award is allowable if 'it appears *to the court* that such action or delay is vexatious and unreasonable.' " (Emphasis in original.) Passarelli, 323 Ill. App. 3d at 591, quoting 215 ILCS 5/155(1) (West 1998); see McGee v. State Farm Fire & Casualty Co., 315 Ill. App. 3d 673, 681, 752 N.E.2d 635 (2000) ("[w]hether an insurer's conduct is vexatious and unreasonable is a matter committed to the circuit court's discretion"); see also Estate of Price v. Universal Casualty Co., 322 Ill. App. 3d 514, 517-18 (2001) (when determining whether an insurer is subject to section 155, a circuit court must consider the totality of the circumstances).

More recently, in Smith v. State Farm Insurance Cos., 369 Ill. App. 3d 478, 485, 861 N.E.2d 183 (2006), this court said a section 155 claim "is only proper in court and *not in arbitration proceedings*, as the statute vests the court with the discretion to determine the award." (Emphasis added.) We found in Smith that the plaintiff's section 155 action was not authorized by statute and was not "covered under the scope of an arbitration" because "section 155 itself *vests the court* with discretion to determine the award, if any, in a matter brought pursuant to it." (Emphasis added.) Smith, 369 Ill. App. 3d at 485 (holding a release agreement following arbitration did not bar the plaintiff

from filing a subsequent section 155 claim in a circuit court).

The arbitrators were required to recognize the parties' contractual agreement that limited the arbitrators' authority to award attorney fees in conformance with Illinois law. When the arbitrators awarded attorney fees based on section 155, they did so in violation of Illinois law.

Amerisure relies on Beatty v. Doctor's Co., 374 Ill. App. 3d 558, 871 N.E.2d 138 (2007), to support its contention that Illinois courts have allowed arbitrators to award section 155 attorney fees. Amerisure's reliance, however, is misplaced.

In Beatty, the plaintiff's amended complaint in the circuit court alleged the defendant failed to defend and indemnify the plaintiff in a professional liability action, and sought, *inter alia*, attorney fees pursuant to section 155. Beatty, 374 Ill. App. 3d at 560. The parties eventually agreed to arbitrate, and the circuit court issued a consent order in which the parties agreed to binding arbitration for those matters raised in the plaintiff's amended complaint. Beatty, 374 Ill. App. 3d at 565. The arbitrators then awarded attorney fees pursuant to section 155, and the award was confirmed. Beatty, 374 Ill. App. 3d at 561-62.

On appeal, the defendant primarily contended the arbitrators grossly erred in finding it acted vexatiously and unreasonably

pursuant to section 155. <u>Beatty</u>, 374 Ill. App. 3d at 564. The Fifth District held it was outside the scope of the court's review to reanalyze the arbitrators' determination because the facts upon which the decision was based did not appear on the face of the award. <u>Beatty</u>, 374 Ill. App. 3d at 564. In addition, the Fifth District held <u>Passarelli</u> was distinguishable because the parties mutually consented to arbitrate the issue of section 155 attorney fees. <u>Beatty</u>, 374 Ill. App. 3d at 565.

We find <u>Beatty</u> inapplicable to the case at bar where it is narrowly limited to its facts. <u>Beatty</u> never addressed the arbitrator's authority under Illinois law to award section 155 attorney fees because judicial review was essentially forfeited where the parties agreed to arbitrate all matters alleged in the amended complaint, including the claim for attorney fees under section 155. <u>Beatty</u>, 374 Ill. App. 3d at 565. We find no indication in <u>Beatty</u> that the appellant timely argued to the arbitrators that Illinois law did not authorize them to award section 155 attorney fees.

Here, in contrast, Global consistently argued in a timely manner that section 155 fees could not be awarded. As discussed in detail above, Amerisure and Global entered a standard arbitration agreement when they first contracted, agreeing to arbitrate only those attorney fees authorized by Illinois law.

Section 155 does not provide arbitrators with the authority to award attorney fees; the plain language of the statute reserves that authority to circuit courts. 215 ILCS 5/155 (West 2006). Therefore, the instant arbitrators were not authorized under Illinois law to award attorney fees pursuant to section 155.

We are not persuaded by Amerisure's argument that Passarelli is distinguishable simply because the parties there did not have an arbitration agreement and were forced to arbitrate their uninsured motorist claim based on the Code. The Passarelli holding that section 155 fees may only be awarded by a court, not an arbitration panel, applies regardless of the method by which the parties entered arbitration. And, we find Amerisure's reliance on Father & Sons, Inc. v. Taylor, 301 Ill. App. 3d 448, 703 N.E.2d 532 (1998), to be misplaced. The statute at issue there was the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a(e) (West 1996)). We need not turn to other construction aids, such as the comparative language of another statute, to interpret the clear and unambiguous language of section 155. Harshman, 218 Ill. 2d at 493.

We do not come to our decision lightly, without consideration of the deference given to arbitrators and the public policy behind arbitration. However, the instant case is an extraordinary one where the arbitrators awarded attorney fees based on a statute which clearly reserves the authority to award

such fees to the courts. This was a gross error of law, as we discuss in the next section. A panel exceeds its authority when " 'all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract.' " Garver v. Ferguson, 76 Ill. 2d 1, 9-10, 389 N.E.2d 1181 (1979), quoting M. Pirsig, Some Comments on Arbitration Legislation & the Uniform Act, 10 Vand. L. Rev. 685, 706 (1957). We conclude that standard has been met here.

We need not address whether section 155 applies to reinsurance relationships because, even assuming, *arguendo*, it does, the arbitrators did not have the authority to award attorney fees pursuant to the statute.

II. Gross Error on the Face of the Award

Amerisure contends that any error by the arbitrators in interpreting or applying section 155 was merely a mistake of law, and, thus, not a sufficient ground to vacate the attorney fee award. We disagree because this appeal does not involve a mere dispute concerning the arbitrators' statutory interpretation but, rather, the awarding of attorney fees contrary to clear Illinois law.

"Errors of judgment in law are not grounds for vacating an arbitrator's award when the interpretation of the law is

entrusted to the arbitrator." Board of Education v. Chicago Teachers Union, Local No. 1, 86 Ill. 2d 469, 477, 427 N.E.2d 1199 (1981). "Only where it appears on the face of the award (and not in the arbitrator's opinion) that the arbitrator was so mistaken as to the law that, if apprised of the mistake, the award would be different may a court review the legal reasoning used to reach the decision." Board of Education, 86 Ill. 2d at 477.

Here, on its face, the arbitrators awarded attorney fees based on Global's violation of the duty of utmost good faith. However, in Illinois, the "American" rule only allows a successful litigant to recover attorney fees if authorized by the parties' agreement or statute. Krantz v. Chessick, 282 Ill. App. 3d 322, 329, 668 N.E.2d 77 (1996). The parties here did not contract for the awarding of fees, by an arbitration panel or otherwise, in the event of a violation of the duty of utmost good faith. Amerisure does not cite, and our research has not revealed, any statute providing fees in that event. Moreover, Illinois does not recognize a bad-faith exception to the "American" rule for attorney fees. Krantz, 282 Ill. App. 3d at 330. Since there is no methodology in the parties' agreement or under Illinois law for awarding attorney fees due to a violation of the duty of utmost good faith, we find the panel was so mistaken that if apprised of the law it would have made a different decision.

1-09-0820

Accordingly, we may review the arbitration record, as we previously did when analyzing whether the panel exceeded its authority by considering a matter not raised by the parties. Board of Education, 86 Ill. 2d at 477. As the record demonstrated, the panel awarded the attorney fees based on section 155 in conjunction with the reinsurance practice of the duty of utmost good faith. Significantly, the parties admit that Passarelli was never submitted or argued to the panel during the arbitration proceedings. Moreover, neither party apprised the panel of Smith. Passarelli and Smith clearly establish that Illinois law has consistently held that arbitrators do not have the authority to award section 155 attorney fees. And, as discussed above, Beatty does not detract from that consistent statement of Illinois law. The failure to provide the arbitrators with an accurate argument concerning Illinois law on this issue resulted in the panel being so mistaken as to the law that, if apprised of the mistake, the award would have been different.

CONCLUSION

We respectfully reverse the circuit court's summary judgment finding in favor of Amerisure and vacate that part of the arbitrators' order awarding attorney fees.

Judgment reversed; award vacated in part.

HALL, P.J., and PATTI, J., concur.

-31-

1-09-0820

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

AMERISURE MUTUAL INSURANCE COMPANY and AMERISURE
INSURANCE COMPANY,

Plaintiffs and Counterdefendants-Appellees,

v.

GLOBAL REINSURANCE CORPORATION OF AMERICA, f/k/a Gerling
Global Reinsurance Corporation of America,

Defendant and Counterplaintiff-
Appellant.

No. 1-09-0820

Appellate Court of Illinois
First District, FIRST DIVISION

March 15, 2010

Justice Bertina E. Lampkin authored the opinion of the court:

Presiding Justice Hall and Justice Patti concur.

Appeal from the Circuit Court of Cook County.
The Hon. Rita M. Novak, Judge Presiding.

**COUNSEL FOR APPELLANT**
Hinshaw & Culbertson LLP, Chicago, IL 60601
OF COUNSEL: Edward K. Lenci, Fritz K. Huszagh and
Christine Olson McTigue

**COUNSEL FOR APPELLEES**
DLA Piper LLP, Chicago, IL 60601
OF COUNSEL: Stephen W. Schwab, Holly M. Spurlock
and Amanda L. Fox

1-09-0820